10w　　107<br>37SC　591

# Kase *against* John.

*If the sale of a chattel be absolute, with a warranty of soundness, and there be no consent by the vendor to take it back, the vendee cannot rescind the contract, but is put to his action on the warranty, unless the vendor knew of its unsoundness, and the vendee gave him reasonable notice of it.*

ERROR to the common pleas of *Columbia* county.

Samuel John, Esq., against Simon P. Kase. This was an action on the case in assumpsit, and originated before a justice of the peace, and was brought into this court by appeal.

The plaintiff's declaration contained three counts:—the first charged the defendant with having promised to make the plaintiff a good threshing machine that would answer the purpose well, if he would pay him 45 dollars, with an averment that he did pay him the 45 dollars, and the defendant made the machine unskilfully and it was useless. The second count was that the plaintiff had purchased a threshing machine from the defendant for 45 dollars and paid him for it, and the defendant warranted it to be good, and averring that it turned out to be good for nothing. The third count

was for money had and received by the defendant to and for the use of the plaintiff.

The plaintiff gave in evidence the following agreement:—

"S. P. Kase agrees to make Samuel John a threshing machine at 45 dollars, which he warrants to be good and to answer the intended purpose effectually.　14th Sep. 1837."

The machine was made, delivered to the plaintiff and paid for. The plaintiff then called witnesses to prove the worthlessness of the machine, and that when it was put into operation it broke.　It appeared also in evidence that the plaintiff took the machine back to Kase, the defendant, to have it repaired, when he was not at home; it was not repaired, and the plaintiff suffered it to remain there and brought this action.　The defendant gave testimony on the subject of the quality of the machine, and also to show that it was broken by the negligence of the plaintiff and by accident.

The court below charged the jury thus:—

That in case of a breach of the warranty, the plaintiff has a right to sustain his action whether he returned the machine before suit brought or not, and the return of the machine only affects the question of damages.　If returned before suit brought, the plaintiff on showing a breach of warranty may recover the whole price of the article warranted.　If not, the measure of the damages is the difference between the price paid and the real value of the article so retained.

That the delivery of the machine for the express purpose of getting it repaired, and without any intimation of an intention to return it, or that the defendant might retain it as his own is not a return of the article.

But if the defendant refused or neglected for an unreasonable length of time to repair the article warranted, the plaintiff, in case of a breach, might elect to consider the article as returned and sue for the price of the machine.

The jury are to decide whether there has been a breach of the warranty or not; whether there has been a return of it to the defendant or not; and in case they find the existence of a breach of the warranty, are to assess the amount of the damages.

*Comley* and *S. Hepburn*, for plaintiff in error, cited 7 *East* 274; 5 *East* 452; 15 *Mass. Rep.* 319; 2 *Stark. Ev.* 880; 12 *Wheat.* 183; 1 *Term. Rep.* 133.

*Greenough*, for defendant in error, cited 12 *Law Lib.* 177; *Ross. Vend.* 344.

.The opinion of the court was delivered by

ROGERS, J.—There is no objection to the charge of the court, on the subject of warranty, except to so much of it as relates to the

rescission of the contract.   In Corrone *v.* Henderson, 15 *Mass. Rep.* 319; Hunt *v.* Sill, 5 *East* 449, it was held, that a purchaser, who is entitled to rescind a contract, must place the vendor in *statu quo* in order to recover the consideration paid.   How far the plaintiff was in a condition to do this, may be doubted.   But be this as it may, there is another objection to the charge, which cannot be easily answered, which is, that the article was not returned, if at all, with the consent of the vendor, and there is no evidence to prove that the vendor knew of the unsoundness of the article at the time he sold.   In Thorn *v.* Wynn, 12 *Wheat.* 183, Mr Justice Washington sums up the cases, and the result is this. "If upon a sale with a warranty, or if by the special terms of the contract the vendee is at liberty to return the article sold, and offers to return it, it is equivalent to an offer accepted by the vendor, and in that case the contract is rescinded and at an end, which is a sufficient defence to an action brought by the vendor for the purchase-money, or to enable the vendee to maintain an action for money had and received, in case the purchase-money had been paid.   The consequences are the same where the sale is absolute, and the vendor afterwards consents unconditionally to take back the property, because in both the contract is rescinded by the agreement of the parties, and the vendee as well entitled to retain the purchase-money in the one case as to recover it back in the other. . But if the sale be absolute, and there be no subsequent agreement or consent of the vendor to take back the article, the contract remains open, and the vendee is put to his action on the warranty, unless it be proved that the vendor knew of the unsoundness of the article, and the vendee tendered a return of it in a reasonable time. "

Here it is an absolute contract of sale with warranty, and without any right reserved to return the article, nor is there any evidence either of the return of it, or any consent of the vendor to take it back.   The whole evidence negatives any such idea, for the return was for purposes of repair, and not with any intention of rescinding the contract.   The vendor was as much, and no more, bound to repair the machine as any other person would have been, and if there was any unreasonable delay in repairing it, the remedy is another way, and not by considering it as equivalent to a consent to rescind the contract, and thereby enable the vendee to consider the contract at an end.   Here, then, was neither an express nor implied consent of the vendor to take back the article, nor any proof that the vendor knew that it was defective, and indeed whether it was in truth, is a matter of much reasonable doubt.   It depends much on the credit to be attached to the statements of the witness. It was doubted whether there be a difference between the manufacturers in this respect and other vendors, that the former might be presumed to know it was unsound, although such a presumption does not arise as to others,   But I perceive no warrant for the distinction in this particular in any of the cases, and we think it would

x.—k*

be mischievous to visit him with the consequences of fraud, from a presumption which, in numerous cases, would be at war with the truth.

·. Judgment reversed, and a *venire de novo* awarded.