## Freyman *versus* Knecht.

1. The defendant sold plaintiff a horse, warranting it sound, the eyes being then sore; evidence of the condition of the eyes a year afterwards was admissible for the purpose of showing that the disease was not temporary but permanent.

2. Evidence of the condition of the eyes a year after the sale was not admissible *per se* to show that they were diseased at the time of he sale; it should not have been received without evidence to show what was their condition during the intermediate time.

3. The plaintiff alleging that the warranty had been broken, returned the horse, the defendant refused to receive it, and it was sold as a stray for about the price plaintiff paid. *Held*, that evidence of these facts was admissible.

4. The horse or its value was the property of the plaintiff, and the defendant might show the price for which it was sold as a stray, as evidence of the value at the sale to the plaintiff.

5. If the defendant was guilty of fraud in the sale and warranty of the horse, the plaintiff might rescind, and on returning or offering to return it, recover back the price paid in case for deceit, or in assumpsit or case for the fraudulent warranty.

6. If there were no fraud the plaintiff could not rescind the contract for breach of warranty and return the horse without defendant's consent.

7. He might sue either in case or assumpsit for breach of warranty, and the measure of damages would be, not the consideration but the difference between the actual value and the value if sound, with interest from the sale.

8. Where there is a warranty and no fraud or agreement to return, the vendee cannot rescind the contract after it has been executed; his only remedy is on the warranty.

9. Kase v. John, 10 Watts 107; Vanleer v. Earle, 2 Casey 277, followed.

March 15th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Lehigh county*: No. 153, to January Term 1875.

This was an action on the case, commenced December 26th 1872, by Stephen Knecht against John Freyman.

The declaration was that Freyman, in consideration of $125 and a wagon worth $25, bargained and sold to Knecht a horse and warranted it sound, whereas at the time of the sale it was

[Freyman *v.* Knecht.]

unsound, and Freyman thereby "falsely and fraudulently deceived" Knecht, to his damage, &c.

The case was tried December 4th 1874, before W. S. Kirkpatrick, P. J., of the Third district.

The plaintiff's evidence was that on the 13th of November 1872, and after some previous interviews on the subject, he bought a mare of the defendant, for $125 in money and a wagon valued at $25. Previously, and at the time of the sale, the defendant said he "would warrant the mare all over." In examining the mare before purchasing, the plaintiff asked the defendant what was the matter with one of her eyes; the defendant said it must have happened by running a corn-stalk into the eye; after the conversation about the eye, the defendant was asked by plaintiff if he would warrant the mare; defendant again said, he "would warrant her all over." On the 25th of November 1872 the plaintiff discovered that both eyes were affected. He took the mare to the defendant's house and left her there; defendant was from home, and plaintiff told his wife that he had returned her.

The plaintiff then proposed to ask a witness: "What was the condition of her eyes in November 1873, to be followed by proof that the disease was ophthalmia, moving from one eye to another; that said disease is incurable and progressive, and that she afterwards became totally blind."

This was objected to, because the condition of the eye in November 1873, was incompetent to show its condition in November 1872, the alleged time of the sale. The question was allowed, and a bill of exceptions sealed.

The answer of the witness was, that one eye was blind and the other in a bad condition.

After the mare was returned, she was sold as a stray, the plaintiff having had notice of the sale. There was much evidence that the eyes of the mare were defective; and that some time before the trial she had become entirely blind.

For the defendant, there was evidence that when asked whether he would warrant the mare, he said, "I warrant just while in my stable, and when she is out I don't." There was other evidence that the warranty was as above stated and not as alleged in plaintiff's evidence.

The defendant then offered to prove that the constable sold the mare as a stray, after due public notice and notice to the plaintiff; that the defendant refused to receive the mare when returned; that at the sale, a few days afterwards, the mare was worth and sold for $150—this on the question of the measure of damages.

The offer was objected to by the plaintiff, rejected by the court, and a bill of exceptions sealed.

The defendant's fourth point, which was denied, was:—

"Plaintiff alleging a warranty and having declared thereon,

[Freyman v. Knecht.]

and there being no evidence of an acceptance by defendant of the horse brought back by plaintiff in defendant's absence, and defendant having refused to receive the horse, and having disposed of her as a stray, the horse, or the value thereof, is to be considered as the property of plaintiff."

The court also charged that if ·the warranty was, that the horse was sound at the time of the sale, and at that time the horse was actually unsound, the plaintiff was entitled to recover.

The verdict was for the plaintiff for $168.25.

The defendant took out a writ of error, and assigned for error the rulings on the offers of evidence and the denial of his point.

*E. Holben* (with whom was *E. Albright*), for plaintiff in error.— A vendee of a chattel, where the sale is with a warranty of soundness, and the vendor does not consent to take it back, cannot rescind and recover back the whole consideration : M'Farland *v.* Newman, 9 Watts 57 ; Kase *v.* John, 10 Id. 107 ; Thornton *v.* Wynn, 12 Wheaton 183. Where there is no fraud or agreement to return, vendee cannot rescind, but his action is on the warranty : Sedgwick on Measure of Damages 319 ; Story on Contracts 939 ; West *v.* Culling, 19 Verm. 536 ; Street *v.* Blay, 2 B. & Ad. 463 ; Jordan *v.* Norton, 4 M. & W. 160 ; 1 Sm. Lead. Cases, Part I., 335.·

*E. G. Swartz* and *J. D. Stiles* for defendant in error.—The testimony as to soundness, of those who saw the horse about the time of the sale, is admissible : Kuntzman *v.* Weaver, 8 Harris 422 ; Fielder *v.* Starken, 1 H. Blackstone 17 ; Ross on Vendors 178. In a sale of a chattel with warranty, the warranty is a distinct contract ; in case of breach, if there was subsequent consent to return, or fraud, and where the vendor knew of the unsoundness, the vendor may return the article and recover back the price. The action on the warranty may be in case or assumpsit : Vanleer *v.* Earle, 2 Casey 277 ; Pittsburg Coal Co. *v.* Foster, 9 P. F. Smith 365. There must be an offer by the buyer to return the chattel before he brings suit : Caswell *v.* Corse, 2 Campbell 82 ; Kase *v.* John, 10 Watts 107.

Mr. Justice WILLIAMS delivered the opinion of the court, October 18th 1875.

It was clearly competent for the plaintiff to prove that, when he purchased the mare in November 1872, her eyes were diseased ; and in order to show that the disease was not temporary but permanent and incurable, that it continued until November 1873, when one of her eyes became wholly blind and the sight of the other was greatly impaired. But evidence as to the condition of her eyes in November 1873, was not admissible *per se* for the

[Freyman *v.* Knecht.]

purpose of showing that they were diseased at the time of the sale; and it should not have been received if there was no evidence tending to show what their condition was during the ten months immediately preceding that date. If the defendant was guilty of fraud in the sale and warranty of the mare the plaintiff had the right to rescind the contract, and upon returning or offering to return her, to recover back the price paid in an action on the case for deceit, or in an action of assumpsit or case for the fraudulent warranty: 1 Chit. Pl. 137. But if there was no fraud or deceit in the sale, the plaintiff had no right to rescind the contract for the alleged breach of warranty, and to return the mare without the defendant's consent: Kase *v.* John, 10 Watts 107; Sedgwick on Damages 286-7. It is true that he might sue either in assumpsit or case for the breach of the warranty: Vanleer *v.* Earle, 2 Casey 277; but the measure of his damages would be—not the consideration or price paid, but the difference between the actual value of the mare, and her value, if sound, with interest from the date of the sale. Where there is no fraud or agreement to return, the vendee cannot rescind the contract after it has been executed, but his only remedy is an action on the warranty. In this case it is not alleged that the defendant was guilty of any fraud or deceit in the sale and warranty of the mare, nor is there any evidence that he knew or had any reason to believe that her eyes were permanently and incurably diseased at the time of the sale. The plaintiff, therefore, had no right to return the mare, and the defendant was not bound to take her back and refund the price. It follows that there was error in overruling the defendant's offer to show that he refused to accept the mare when she was returned by the plaintiff, and that soon afterwards she was sold as a stray for about the same price the plaintiff paid for her; and for not charging, as requested in defendant's fourth point, that the horse, or the value thereof, is to be considered as the property of the plaintiff. The defendant had the right to show the price for which the mare was sold, as a stray, by the constable, as evidence of her value at the time of the sale to the plaintiff; and he was entitled to the instruction prayed for, in order to limit the plaintiff's recovery to the difference between the actual value of the mare, and her value, if sound, as warranted, with interest thereon from the date of her sale. The other assignments of error are not sustained, but for the reasons given, the judgment must be reversed.

Judgment reversed, and a *venire facias de novo* awarded.