Gaston B. Walls, Respondent, *v.* William J. Gates, Appellant.

### November 26, 1878.

1. In case of a purchase with express warranty, where there is no question of fraud, the vendee cannot insist upon returning the goods. There can, in such a case, be no rescission except by consent of parties, unless it was expressly agreed that the contract should be rescinded if there was a breach of the warranty.

2. Where there is such an agreement of rescission, there can be no action for the purchase-money until the property is first returned to the vendor in the same condition substantially as when sold, or until an unconditional tender thereof has been made.

3. In such a case, a tender, to have the effect of a return of the goods, must be such as that the other party has nothing to do but to signify acceptance to make the property in the chattel vest in him.

Appeal from St. Louis Circuit Court.
*Reversed and remanded.*

Hudgens & Davis, for appellant, cited: *Walls* v. *Gates*, 4 Mo. App. 1; *Bunce* v. *Beck*, 43 Mo. 279; Benj. on Sales, sect. 621, and note *m*; 61 Mo. 133.

Marshall & Barclay, for respondent, cited: *Smith* v. *Steinkamper*, 16 Mo. 150; Story on Sales, sect. 15*b*, and notes 1 and 6.

Bakewell, J., delivered the opinion of the court.

This action was commenced before a justice of the peace. The allegations of the written cause of action filed with the justice are, that defendant sold to plaintiff a horse for $140, which sum plaintiff paid; that defendant warranted the horse sound and kind; that there was a breach of this warranty, in that the horse was not sound and would not pull; that plaintiff offered to return the horse to defendant upon repayment of the purchase-money, but that defendant refused, and still refuses, to receive back the horse and repay the purchase-money. Plaintiff asks judgment for the purchase-money paid. There is another count for money paid

out for the keep of the horse. There was a verdict and judgment for plaintiff in the Circuit Court, and defendant appeals.

When this case was here before, it was remanded for new trial because of error in the instructions and because there was no evidence to support the verdict.

The statement of the cause of action seems to be intended for an action for damages for breach of warranty, though the measure of damages asked is inconsistent with that theory. But, against the objection of defendant, the case was tried upon the theory that this is an action upon an agreement between plaintiff and defendant that the horse should be returned and the money repaid if the horse did not come up to the representations made at the time of the sale. As we have already said in a former opinion in this case, it is held in Massachusetts and Maryland that the purchaser has a legal right to rescind the contract and return the goods in all cases of a breach of warranty, express or implied. The established doctrine in England is, that where the property in the goods has passed unconditionally, the law gives the purchaser no right to rescind in the absence of an express stipulation to that effect. This doctrine seems more consistent, and is accepted in New York, Pennsylvania, and probably is, in the majority of the States, the received doctrine. It is claimed by respondent here that there was such an express agreement in this case, and that this action is brought upon it. If that be so, it is clear that there can be no action for the purchase-money until the parties are placed, in regard to the property sold, in the condition in which they were before the sale. The property sold must be first returned to the vendor, in the same condition substantially as it was at the time of the sale. If the vendor refuses to receive back the goods, an offer to return is equivalent to an offer accepted by the vendor. But the tender must be unconditional. This is undoubtedly the case where, as in Massachusetts, the law implies an agreement that

the goods may be returned if they do not come up to the warranty (*Dorr* v. *Fisher*, 1 Cush. 274) ; and there seems to be no reason why it should not be so where there is an express agreement to that effect. Nothing but an unconditional tender, such a tender as that the other party has nothing to do but to signify acceptance to make the property in the chattel vest in him, can be equivalent to a return of the goods. And such a tender, or an actual return, must be alleged and proved before the purchase-money can be recovered back, the restoration of the goods and of all other benefits from the sale being always held a direct condition, without which the vendee can neither rescind the contract nor recover back the purchase-money.

In the case at bar, there is no allegation in the petition that the horse was returned ; there is no allegation of an unconditional tender. There is a positive allegation of a conditional and clearly insufficient tender ; and the proof is that the horse was not returned, and that, when tendered, the tender was always accompanied with a demand for the purchase-money, and always made upon condition that it should be then and there paid.

The court properly instructed, at the instance of defendant, that " unless the jury believe from the evidence that the plaintiff offered to return the horse to the defendant in a reasonable time after the sale, without the condition of repayment of the purchase-money, they will find for defendant."

The testimony of plaintiff on this point is as follows, as contained in his cross-examination : "*Question*. Did you not, at every time you offered to return the horse to Gates, demand, as a condition of the return, that he should pay you back the purchase-money and $15 per month for keeping him? *Answer*. No, sir. *Q*. Did you not demand, as a condition of the return of the horse, that he should pay you back the money first? *A*. No, sir, I never did. I told him, always, to pay me the money and I would return him

the horse. The two were to be done at the same time. *Q.* Did you ever offer to return him without his paying the money? *A.* No, sir. I would not trust him that far. *Q.* Then, when you went to him and demanded your money, and to take the horse back, you did not intend to deliver the horse until you got the money? *A.* If I saw evidence of paying me, I should have delivered it to him. *Q.* Then, when you went to him and demanded your money, and to take the horse back, you did not intend to deliver the horse until you got your money? *A.* That is a condition I did not suppose he would have the cheek to ask. *Q.* When you asked Gates to take the horse back, did you intend to deliver him the horse unless he first paid you the money? *A.* If he had made any promise that I could rely upon, I should have delivered him the horse.'' Nor is there any testimony in the case tending to show an unconditional tender at any time.

Defendant asked an instruction in the nature of a demurrer to the evidence, at the close of plaintiff's case. It should have been given.

As this case has been repeatedly tried and must be again remanded, as it is claimed that it presents now an entirely different phase from its aspect when here before, and as we cannot but see that it may possibly be tried again upon some new theory, we may remark that the generally received doctrine as to the rescission of contracts seems to be that, in case of a false and fraudulent representation by the vendor, the contract, being vitiated by the fraud, may be treated as a nullity. If the goods have been received before discovery of the fraud, and the vendee has made a valid tender of the articles back, and the price has been paid, the vendee may sue to recover the price paid. If the price has been paid and no tender has been made, the vendee may, in the case supposed, commence an action for damages for the deceit practised upon him, and the actual damage sustained will be the measure of his recovery. In

case of a purchase with express warranty, where there is no question of fraud, the vendee cannot insist upon returning the goods. There can, in such a case, be no rescission except by consent of parties, unless the contract of parties was express that the contract should be rescinded if there was a breach of the warranty. In an action for breach of warranty, the measure of damages is the difference in value between the article as sold and the article as warranted. "If," says Judge Washington, in summing up the result of an examination of the decided cases on the subject, in *Thornton* v. *Wynn*, 12 Wheat. 183, — "if, upon a sale with warranty, by the special terms of the contract the vendee is at liberty to return the article sold, an offer to return is equivalent to an offer accepted by the vendor, and in that case the contract is rescinded and at an end; which is a sufficient defence to an action brought by the vendor for the purchase-money, or to enable the vendee to maintain an action for money had and received, in case the purchase-money has been paid. The consequences are the same when the sale is absolute, and the vendor afterwards consents unconditionally to take back the property, because in both the contract is rescinded by the agreement of the parties, and the vendee is as well entitled to retain the purchase-money in the one case, as to recover it back in the other. But if the sale be absolute, and there be no subsequent agreement or consent of the vendor to take back the article, the contract remains open and the vendee is put to his action upon the warranty, unless it be proved that the vendor knew of the unsoundness of the article, and the vendee tendered a return of it within a reasonable time."

The same view of the subject was early taken by the Supreme Court of Pennsylvania in *Kase* v. *John*, 10 Watts, 107. The Massachusetts doctrine of the right of rescission of an executed contract of sale, where there has been breach of an express warranty, is the early doctrine of that State

on the subject, — adopted, it is said, to avoid circuity of action. It seems to have been followed in Maryland, Maine, and Iowa, and is the doctrine of Lord Eldon in *Curtis* v. *Hannay*, 3 Esp. 83, since overruled in *Street* v. *Blay*, 2 Barn. & Adol. 460. The more important English and American cases bearing on this subject are cited by Mr. Benjamin in his treatise on Sales, sect. 888, note *a*; and the question is examined in Story on Sales, sect. 422, note 4.

The judgment of the Circuit Court is reversed and the cause remanded. All the judges concur.