Ezra M. Eshleman *v.* James H. Lightner, Appellant.

*Sale—Warranty.*

Where the sole defense to an action for money due for the purchase of a horse was a warranty of the horse and a breach thereof, evidence that, upon discovering the breach, defendant rescinded the sale and returned the horse to plaintiff, was not admissible.

Argued May 21, 1895. Appeal, No. 191, Jan. T., 1895, by defendant, from judgment of C. P. Lancaster Co., Nov. T., 1893, No. 36, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a promissory note.  Before LIVINGSTON, P. J.

At the trial it appeared that the note was given as part consideration for a horse sold and delivered by plaintiff to defendant on June 4, 1893.  The defense was that the horse was not as warranted by the vendor.

Defendant testified as to the alleged warranty as follows:

" A. His answer was, first, he says, ' Well, you know it is important to have your neck insured; you want, Mr. Lightner, a family horse, one that a lady can drive, and you can take children out with you with perfect safety.  When you have this horse, you are as safe as I am now sitting in this arm chair, perfectly safe.'  Said I, ' Mr. Eshleman, that is your reason for asking this enormous price, $125 more than the appearance or grade of that horse warrants him to be worth ? '  ' Yes, sir, it is in consideration of those extra qualities, I want this extra price.'  Says I, ' Will you guarantee, warrant this horse to be good, safe, sound, free from all faults and perfect in every way ? '  ' I will,' he said, and went over my expression, and then went this way (indicating) to clinch the nail on the head.  He used gestures to make his statement stronger.  This occurred in my dining room.  There was nobody present at this conversation.

" Q. I understand you say, under oath, he warranted this horse to be perfect ?  A. I will say under oath, he warranted this horse to be perfectly safe, sound, gentle, that a lady could drive him, and ladies and children could be driven behind him with perfect safety,—had no tricks and faults whatever.  On account of this double guaranty,—warranty, he wanted $125 extra."

James Hires testified as follows:

" Q. Will you please state to the court and jury all that occurred, and everything that you can remember that was said on that occasion there by Mr. Lightner or Mr. Eshleman ?  A. I heard Mr. Lightner ask Mr. Eshleman whether this horse was sound.  Mr. Eshleman said the horse was safe, sound, and any lady could drive him, and very gentle."

Plaintiff denied that he made any warranty at all as to the horse.

The following letters were produced in evidence:

"LANCASTER, Pa., July 26th.

" Mr. E. ESHLEMAN,

" Dear sir: On August 7th according to agreement I was to pay you in full for the horse; therefore you can look for a letter and check from me at that time; should it not reach you on that particular day, don't be uneasy, as it will, be sent as soon as possible.

"I am, etc.,

" JAMES H. LIGHTNER."

" The horse looks first rate and pleases me in every way."

"LANCASTER, Pa., August 14, 1893.

" To Mr. E. ESHLEMAN :

" The very hard times all over the country now prevailing is the reason I have not paid in full for the horse before this. Within a short time an improvement is expected by every one. Therefore I trust you will have patience awhile longer, as I want to pay you as soon as possible; within a month from this time, most likely.

"Yours, etc.,

" JAMES H. LIGHTNER,

"349 North Duke Steet."

The defendant offered to prove that he rescinded the contract and returned the horse to Mr. Eshleman, the plaintiff, on discovery of the breach of warranty, and that the horse was not as represented.

Objected to by plaintiff. Disallowed and bill sealed. [1]

Plaintiff's points were as follows:

" 1. There is a clear distinction between a warranty and a mere representation. A mere representation that an article is sound and safe is not a warranty. *Answer:* I affirm that point. [4]

" 2. If the jury believe from the testimony of James H. Lightner and from the admissions in his letters of June 5th and July 26th, that the horse was all right, the verdict must be for the plaintiff for the full amount of his claim. *Answer:* That point we affirm. Because if he did that, had no complaint to make, there was no warranty broken, the time having passed." [5]

Defendant's points were as follows:

"1. If the jury believes the testimony of the defendant and of James H. Hires that the plaintiff expressly warranted this horse to be sound, safe and gentle, fit for ladies to drive; and that the time said warranty was given said horse was dumb, that was a breach of warranty, and the verdict should be for defendant. *Answer :* I will say here Mr. Hires did not use the word warranty at all. You have heard the words he did use. They were a representation, not necessarily a warranty. If you believe the testimony of Mr. Lightner, however, he did warrant this horse expressly. If he used the words Lightner said he used, that would be a warranty, and if the horse was unsound at that time, if you believe that from the evidence, then he would be entitled to damages for the breach of warranty, which should set off against the amount of this note with interest, and on such finding you will have to ascertain from the evidence what was the amount of damages he sustained. If it was greater than the value of the note and its interest, then your verdict should be for the defendant simply. If it is not so great, then you will have to ascertain what it is, and deduct it from the amount of the note and interest, and render your verdict for the difference between the amount of damages and the amount of the note and interest for the plaintiff. [6]

" 2. If the jury believe the testimony of George Nolty and of Dr. E. K. Shaub that this horse was dumb and unsound at the time this warranty was given, they should find for the defendant. *Answer :* In that we say, first you would have to find there was a warranty. Then you will remember the length of time between the sale and the time they saw him, and if the time was so close as to warrant them in saying he was unsound at the time of sale, if you believe that, you have it all before you, it is a question of fact; then if you find the amount of damages sustained, if there was warranty and that the horse was dumb and unsound at the time of the warranty, the time of the sale, then you will have to do as I have told you with reference to the first point: ascertain the amount of damages, and if the amount is greater than the amount of the note and interest, then find simply for the defendant; if it is not so great, deduct it from the amount of the note and interest and return a verdict for the plaintiff for the difference between them." [7]

Verdict and judgment for plaintiff for $280.80.    Defendant appealed.

*Errors assigned,* among others, were (1) rulings on evidence, quoting the bill of exceptions ; (4–7) above instructions, quoting them.

*George A. Lane, C. G. Bassler* with him, for appellant, cited: Freyman v. Knecht, 78 Pa. 141; Weimer v. Clement, 37 Pa. 147; Mills v. Fibre Co., 4 W. N. C. 463 ; Scheppers v. Stewart, 11 W. N. C. 106.

*W. U. Hensel, J. Hay Brown* with him, for appellee, cited : 1 Chit. Pl. 137 ; Kase v. John, 10 Watts, 107; Sedgwick on Damages, 286; Vanleer v. Earle, 26 Pa. 277 ; Freyman v. Knecht, 78 Pa. 141 ; 2 Addison on Contracts, 989 ; 1 Benjamin on Sales, 621 ; Thornton v. Wynn, 12 Wheat. 183 ; Street v. Blay, 2 B. & Ad. 456 ; Voorhees v. Earl, 2 Hill, 288 ; Cary v. Gruman, 4 Hill, 625 ; Muller v. Eno, 14 N. Y. 597; Day v. Pool, 52 N. Y. 416 ; Rust v. Eckler, 41 N. Y. 488 ; Doane v. Dunham, 65 Ill. 512 ; Wright v. Davenport, 44 Texas, 164 ; 1 Benjamin on Sales, 627 ; Lord v. Grow, 39 Pa. 88 ; Farnsworth v. Duffner, 142 U. S. 47 ; Negley v. Lindsay, 67 Pa. 217 ; Mahaffey v. Ferguson, 156 Pa. 171 ; Wetherill v. Neilson, 20 Pa. 448 ; Shisler v. Baxter, 109 Pa. 443.

PER CURIAM, May 30, 1895 :

This suit was on defendant's note in favor of plaintiff for two hundred and sixty dollars, part consideration for a horse sold and delivered by the payee to the maker in June, 1893. The note being admitted, the sole defense was warranty of the horse by the plaintiff, breach of the warranty, etc.    Testimony, of a conflicting character, but tending to sustain the defense, was introduced by the defendant.    On the other hand, the alleged warranty was denied by the plaintiff; and the questions of fact thus presented were properly submitted to the jury, whose findings were adverse to the defendant.

An examination of the record, with special reference to the assignments of error, has not convinced us that there is anything therein to justify a reversal of the judgment entered on the verdict.    We find nothing in any of the specifications that requires extended comment.

Judgment affirmed.