# Miller Lock Company *v.* Diehl Manufacturing Company, Appellant.

*Contract—Warranty—Breach of warranty—Machinery—Delay—Evidence.*

The seller of a machine specifically guaranteed "the rating, stability and performance of its apparatus, and will without charge, during a period of one year from the date of shipment, repair or at its option, furnish to the purchaser a new part in exchange for any part or parts

of machines of its manufacture that shall, under normal conditions of operation, and under proper supervision and attendance, develop any mechanical or electrical defect." The warranty was part of the specifications. Among the things which the specifications required the machine to perform was: "Without shifting the position of the brushes, the generators will operate at all loads between no load and full load without sparking, and will withstand momentary overloads of thirty-five per cent without injurious sparking." The evidence showed that the machine sparked continuously and injuriously at much less than full load from the time it was installed, that this was a serious defect, that the seller was notified and made frequent attempts to make the machine work, but did not succeed, and refused to do anything more. *Held*, that the seller was bound to furnish a machine which would operate properly as a whole, and that the warranty was not limited merely to keeping the machine in repair for one year, or furnishing new parts.

When a party does not allege fraud and seek to recover upon that ground and there is no covenant in the contract for a return of the goods, it is not necessary in an action on an express covenant of warranty in a contract for the sale of machinery that the plaintiff should, before bringing suit, redeliver or tender the property to the defendant.

The mere fact that the purchaser of a machine uses the machine for over a year before throwing it out, although it does not work in a manner covered by an express covenant of warranty, will not defeat a right to recover on the warranty.

In an action for the breach of an express covenant of warranty contained in a contract for the sale of a machine, where it appears that the plaintiff has paid for the machine, the plaintiff may offer evidence as to the value of the machine, and he may show that it was valueless as a machine, and that its only market value was as scrap.

Argued Oct. 9, 1908. Appeal, No. 24, Oct. T., 1908, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1905, No. 479, on verdict for plaintiff in case of Miller Lock Company v. Diehl Manufacturing Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a covenant of warranty contained in a contract for the sale of an electric generator.

The facts are stated in the opinion of the Superior Court.

The defendant presented the following points:

1. If the jury believe that the defendant company at its own expense kept the machine in reasonable repair for the

period of one year from date of shipment, your verdict must be for the defendant. *Answer:* Refused. [1]

3. By virtue of the contract under which the machine was sold by the defendant to the plaintiff the defendant was obligated for the period of one year to keep the machine in operation up to the standard of its warranty, namely, "without shifting the position of the brushes the generator will operate at all loads between no load and full load without sparking, and will withstand momentary overloads of 35 per cent without injurious sparking," and since the plaintiff did not return or offer to return the machine at the expiration of one year from date of shipment, but continued to use it, such action on his part is deemed to be an election to retain the machine, and the plaintiff is, therefore, permitted to recover only such sum as would compensate for the cost of the proper repair of the machine. No such cost has, however, been proven and your verdict must, therefore, be for the defendant. *Answer:* Refused. [2]

4. Under all the evidence of the case your verdict must be for the defendant. *Answer:* Refused. [3]

Verdict for plaintiff for $1,080, upon which judgment was entered for $600, all above that amount having been remitted. Defendant appealed.

*Errors assigned* amongst others were (1–3) above instructions, quoting them.

*Joseph Hill Brinton,* with him *J. Lawrence Wetherill,* for appellant.—The general rule is that in the absence of fraud or an agreement to rescind, an executed or completed sale as distinguished from a mere executory one cannot be rescinded for mere breach of warranty: Mining Co. v. Jones, 108 Pa. 55; Street v. Blay, 2 Barn. & Ad. 456.

The warranty was expressly limited to one year from date of shipment.

Even had the warranty been silent as to time, the law imputes a reasonable time: Armour v. Produce Co., 28 Pa. Superior Ct. 524; Tete Bros. v. Eshler, 11 Pa. Superior Ct. 224;

Rohn v. Dennis, 109 Pa. 504; Kessler v. Perrong, 22 Pa. Superior Ct. 578; Leaming v. Wise, 73 Pa. 173; Howard v. Turner, 155 Pa. 349; Spiegelberg v. Karr, 24 Pa. Superior Ct. 339; Moneyweight Scale Co. v. Woodward, 29 Pa. Superior Ct. 142.

No expert testimony as to market value should have been admitted: Taylor v. Saurman, 110 Pa. 3; Franklin Fire Ins. Co. v. Gruver, 100 Pa. 266; Coyle v. Com., 104 Pa. 117.

*Ira Jewell Williams*, with him *Francis Shunk Brown* and *Alex. Simpson, Jr.*, for appellee.—There was no limitation of time as to the warranty of the "rating, stability and performance" of the apparatus. The breach was of that warranty. The undertaking to repair or replace parts mechanically or electrically defective, relates to the furnishing of repair parts, made necessary by latent defects.

A warranty is a self-existent contract collateral to the contract of sale: McFarland v. Newman, 9 Watts, 55.

The buyer cannot rescind, but must sue on the warranty: Kase v. John, 10 Watts, 107; Freyman v. Knecht, 78 Pa. 141; Eshleman v. Lightner, 169 Pa. 46; Morse, Williams & Co. v. Arnfield, 15 Pa. Superior Ct. 140.

The fact of the warranty and its breach having been conclusively proved, there could not have been binding instructions for the defendant or judgment non obstante veredicto: Fearl v. Hanna, 129 Pa. 588; Deen v. Herrold, 37 Pa. 150.

The fact that the buyer, after having used the property for some time, pays the purchase money due or executes his notes therefor, does not operate as a waiver of his right of action for a breach of the warranty: Johnson v. Roy, 112 Fed. Repr. 256; Bowers Rubber Co. v. Blasdel, 47 Pac. Repr. 931; Briggs M. Rumley Co., 96 Iowa, 202 (64 N. W. Repr. 784); National Oak Leather Co. v. Armour Cudahy Packing Co., 99 Ky. 667 (37 S. W. Repr. 81); Stoddard Mfg. Co. v. Miller, 107 Mich. 51 (64 N. W. Repr. 948); Osborne v. Carpenter, 37 Minn. 331 (34 N. W. Repr. 163); New Birdsall Co. v. Keys, 99 Mo. App. 458 (74 S. W. Repr. 12); Russell v. Corning Mfg. Co., 49 N. Y. App. Div. 610; Aultman, etc., Co. v. Hefner, 67 Tex. 54

(2 S. W. Repr. 861); Elliott v. Puget Sound, etc., S. S. Co., 22 Wash. 220 (60 Pac. Repr. 410); Park v. Richardson, etc., Co., 81 Wis. 399 (51 N. W. Repr. 572).

This is particularly true where the payment is induced by the seller's promise to remedy the defect or return a part of the purchase money: Kingman v. Meyer, 70 Ill. App. 476; York Mfg. Co. v. Bonnell, 24 Ind. App. 667 (57 N. E. Repr. 590); Mallory Com. Co. v. Elwood, 120 Iowa, 632 (95 N. W. Repr. 176); Munford v. Kevil, 109 Ky. 246 (58 S. W. Repr. 703); McCormick Harvesting Mach. Co. v. McNicholas, 66 Minn. 384 (69 N. W. Repr. 36); Seymour v. Phillips, 61 Neb. 282 (85 N. W. Repr. 72); Aultman, etc., Co. v. Hefner, 67 Tex. 54 (2 S. W. Repr. 861).

OPINION BY PORTER, J., December 14, 1908:

The plaintiff having bought of the defendant and paid for a certain electric generator, under a contract which contained a covenant of warranty, brings this action to recover damages for an alleged breach of such warranty. The covenant of warranty upon which the plaintiff relies was embodied in the specifications attached to and forming a part of the contract of sale, and the particular clause of the covenant in question is in these words: "The Diehl Manufacturing Company specifically guarantees the rating, stability and performance of its apparatus, and will without charge, during a period of one year from the date of shipment, repair, or at its option, furnish to the purchaser a new part in exchange for any part or parts of machines of its manufacture that shall, under normal conditions of operation, and under proper supervision and attendance, develop any mechanical or electrical defect." The specifications of which this warranty formed a part stated in detail the "rating" of the generator in question, the amount of power it would develop and its efficiency; they also stated the manner in which it would do its work, that is, the way in which it would perform, under varying conditions. The covenant of warranty was a part of the specifications, and the "rating" and "performance" called for by that covenant were the rating and performance stipulated for in the specifications.

Among the things which the specifications required the machine to perform was: "Without shifting the position of the brushes, the generator will operate at all loads between no load and full load without sparking, and will withstand momentary overloads of thirty-five per cent. without injurious sparking." The plaintiff produced evidence in the court below which, if believed, established that the generator furnished under the contract never did come up to this requirement of the specifications, that it sparked continuously and injuriously when running at much less than full load from the time it was installed, that this was a serious defect which interfered with the entire operation of plaintiff's factory and frequently rendered it necessary to cease operating the electric generator; that defendant company was notified of the failure of the machine to perform as required and that it made frequent and protracted attempts to make the machine work as it ought to do, but finally admitted that the machine could not be made right and refused to do anything more.

The defendant contends that all it was required to do, under this covenant of warranty, was to keep the machine in repair for one year, or at its option furnish to the purchaser a new part in exchange for any part or parts of the machine which might within a year develop any mechanical or electrical defect, that the concluding part of the covenant, relating to repair of defective parts, is to be construed as a limitation of the general covenant, and that all the defendant company could be required to do was to repair the several parts of the machine which developed mechanical or electrical defects. This contention cannot be sustained. The "rating" and "performance" mentioned in the covenant related to the operation of the machine as a whole, producing results; and the covenant warranted against defects inherent in the design of the machine. That clause in the covenant providing for the repair of parts which developed defects within a year was intended to insure proper workmanship and durability in the several parts of the apparatus. The defendant further contends that the plaintiff company cannot recover because it has retained the machine; that as a condition precedent to

a recovery in this action the plaintiff ought to have rescinded the contract and returned the machine. This contention is equally without foundation. This action is not predicated on a rescission of the contract, but is founded upon one of the express covenants thereof. When a party does not allege fraud and seek to recover upon that ground and there is no covenant in the contract for a return of the goods, it is not necessary in an action on an express covenant of warranty in a contract for the sale of machinery that the plaintiff should, before bringing suit, redeliver or tender the property to the defendant: Borrekins v. Bevan, 3 Rawle, 23; McFarland v. Newman, 9 Watts, 55; Kase v. John, 10 Watts, 107; Freyman v. Knecht, 78 Pa. 141; Eshleman v. Lightner, 169 Pa. 46; Himes v. Kiehl, 154 Pa. 190. When in such a case the purchaser retains the property, having paid the price, the measure of damages is the difference between the actual value of the property as it was at the time of the sale and its value if it had been as warranted.

The delay of the plaintiff in bringing this action was not, under the circumstances disclosed by the evidence, fatal to the right to recover. The evidence disclosed that the plaintiff promptly made complaint to the defendant shortly after the machine had been installed in the factory, that the defendant gave assurances that the difficulty could be remedied and that the plaintiff gave the defendant every opportunity to do so, but there was no evidence in the case that the plaintiff ever finally accepted the machine as satisfactory. Mere delay in bringing the action on a covenant of warranty will not defeat the right to recover; such actions are only subject to the same limitations that apply to other actions on contracts. The mere fact that the plaintiff company used the machine for over a year before throwing it out, although it did not work in a satisfactory manner, would not defeat the right to recover. The plaintiff had paid for the machine and, although it was not what they were entitled to have under their contract, they had the right to make such use of it as could be made until it was convenient for them to shut down their factory and procure something else. This action was not brought to recover

the purchase money paid, but for damages for the breach of the covenant of warranty.

The evidence produced by the plaintiff as to the value of the machine actually delivered was properly admitted. Witnesses having expert knowledge on the subject having testified that the machine had no value as a generator and that its only market value was as scrap, it was proper for the plaintiff to produce evidence of the value as scrap. The defendant was not precluded from showing what was the value of this machine either as a generator or for any other purpose. All the assignments of error are dismissed.

The judgment is affirmed.