CROUCH & SONS, Appellants, v. MORGAN et al., Respondents.

St. Louis Court of Appeals, February 23, 1909.

SALES: Warranty: Part Owners. Where several parties pur-purchased a stallion, with an express warranty by the seller, each of the purchasers giving his note to the seller for his respective share in the horse, one of the several purchasers could defend an action on his note by showing that the horse failed to come up to the warranty and that he had offered to relinquish his interest in the horse to the seller, and it was not necessary to prove in that connection that the horse was actually worthless.

Appeal from Barry Circuit Court.—*Hon. F. C. Johnston,* Judge.

AFFIRMED.

*Shain & Barnett* and *Frost & Wear* for appellants.

(1) The court erred in giving, over plaintiff's objection, defendant's instruction "A." The instruction is not based upon all the evidence bearing upon the issues to which it is directed. The evidence is conclusive that the stallion was to be returned for exchange by July 1, 1906, if not satisfactory. The evidence is conclusive that the stallion was not returned, still the instruction directs a verdict without any requirement of compliance on the part of defendants with this condition of the sale. Willis v. Railway, 111 Mo. App. 580; Imboden v. Trust Co., 111 Mo. App. 220. (2) There is no evidence to support the theory presented in the closing of instruction "A" to the effect that defendants could discharge their obligation by offering to return their interest. Where there is no evidence to support a theory presented by an instruction the instruction should be refused. Harrison

v. Lakenan, 189 Mo. 581. (3) Instruction "A" for defendant, even under proper pleadings and evidence, would be erroneous in that it directs a verdict for defendant without consideration of reasonableness of time in which offer to return was made. Goodwin Mfg. Co. v. Foundry & M. Co., 115 Mo. App. 382.

*C. M. Landis* and *J. S. Davis* for respondent. ·

STATEMENT.—This instruction was given for defendants:

"The court instructs the jury that if they find and believe from the preponderance or greater weight of the evidence in this case that at the time the defendants, Ennis and Morgan, signed the notes in question, that Clark, the agent of the plaintiff, told them that the horse was a sure foal-getter and that his colts would be solid color, that they would be either blacks, browns or bays; and if you further find that these statements and representations induced defendants to sign and execute said notes and that they would not have signed them but for said representations; and if you find that said horse was not a sure foal-getter, that he did not get colts of a solid color as represented and that defendants when they found out that the horse was not what plaintiff had represented him, they offered to return what interest they had back to plaintiff, then you will find the issues for defendants."

This instruction was given for plaintiffs:

"The court instructs the jury that if you believe from the evidence that plaintiff in this case was prevented, by acts of defendants, from making any and all representations and warranties made by plaintiff to defendants, good, then your finding must be for plaintiff."

These instructions were requested by plaintiffs and refused:

"The court instructs the jury that under the law and evidence of this case your finding must be for plaintiff for amount of notes and interest.

If the jury believe that the horse was the consideration of the notes and was worth anything, and that defendants have failed to give notice of his defects in a reasonable time to the plaintiff or to return the same, then they are presumed to have acquiesced in the defect and are not entitled to any deduction from the amount of the note.

The court instructs the jury that defendants having set up a breach of warranty as a defense to the notes are precluded from retaining the horse or any interest in the horse, if the horse be of any value, and at the same time defeat the notes, and if the jury believe from the evidence that the horse is of any value and further believe that defendants have not returned their interest to plaintiff according to the terms of agreement under which they signed the notes, then your finding must be for plaintiff.

"The court instructs the jury that if they believe from the evidence that the horse was sold to defendants and defendants signed the notes in question under the representation and agreement that the horse was a sure, satisfactory foal-getter and would get colts of black, bay and brown in color, and in the event he did not come up to these representations then defendants were, by July 1, 1906, to return the horse to the barn of plaintiffs at Sedalia, Mo., and pick out another horse of equal value; and the jury further believe from the evidence that defendants did not return the horse to plaintiff's barn by said date, then defendants have acquiesced in the defects in said horse, if any, and are not entitled to any deduction from the amount of the notes."

GOODE, J. (after stating the instructions).—This action was instituted before a justice of the peace on two promissory notes for $50 each, one dated Sep-

tember 16th and one December 19, 1904, and both due on or before October 1, 1906, payable to the order of plaintiffs, with six per cent interest from their dates. Defendants had judgment before the justice and plaintiffs appealed to the circuit court, where defendants' counsel orally made a statement of the defense, which, in substance, set forth the facts of the case. The notes were given for one share in a German coach horse plaintiffs were selling for $2,400 to different shareholders of a company plaintiffs proposed to have incorporated. Defendants subscribed for one-half share each, or one share of $100, and gave the two notes in payment; each defendant being principal on one of the notes and surety on the other. No certificate of stock was delivered to defendants, and the evidence is vague as to whether, in truth, the company was incorporated. Some testimony looks like a certificate for defendants was sent to another man named Newby; whereas other evidence indicates the company was not formed. This, however, is immaterial. To induce defendants to subscribe for a share in the proposed company, whose capital was to consist of the horse, the agent of plaintiff gave certain warranties regarding the qualities of the horse, which warranties will be ascertained by reading the instructions. Suffice to say the horse when delivered wholly failed to correspond with the warranties and while this is not admitted by plaintiffs, neither is it disputed. There was an understanding that if the horse turned out not to be as warranted, he might be returned to plaintiffs and another selected in his stead. The horse was turned over to the company, or the subscribers for shares in the company, early in 1905, and at the close of the season of that year, the men owning shares met and wrote plaintiffs they wished to return him as he was unsatisfactory and had fallen short of the warranties given regarding his qualities. Instead of taking him back, plaintiffs wrote requesting the shareholders to keep him another year and said if he still

proved unsatisfactory, another horse might be selected in his place.   In connection with this letter a written guaranty of qualities was sent to the shareholders, but this guaranty differed in its terms from the original oral warranty and so was not accepted.   The horse remained in Barry county in the custody of some agent of the shareholders. . Afterwards an attorney for plaintiffs made one or two trips to said county to collect the notes given by the subscribers.   On the first trip he said the notes had been sold and assigned to an innocent purchaser for value in Indiana, and on this occasion the defendants, in view of said fact, offered, not only to relinquish their interest in the horse, but pay one of the notes if plaintiffs would get the other and return it to them.   No testimony was introduced in the case except for the defendants and it is uniform that the horse totally fell short of the warranties; that defendants offered to relinquish their interest in him and that all the shareholders had offered to return him. Moreover, the evidence strongly inclines to prove he was worthless, and it is in testimony he was not worth his feed.   Complaint is made of the rulings on the instructions, the jury having returned a verdict for defendants. The instructions will accompany the opinion.   The one given at defendants' instance is an accurate statement of the law.   Though defendants could not retain their interest in the horse if he was worth anything, and at the same time defeat totally the notes given for the purchase price, the entire evidence shows they did what they could toward returning their interest to plaintiffs. Hence their defense was good, even granting the animal was of some value, which there is scant, if any, evidence to prove.   [Walls v. Gates, 4 Mo. App. 1, 6 Mo. App. 242; McCormick, etc., Co. v. Brady, 67 Mo. App. 292; Brown v. Weldon, 27 Mo. App. 251, 99 Mo. 564.]   The instructions plaintiffs requested and the court refused, cut out the defense unless defendants had returned the horse.   These instructions were inapplicable to the evi-

dence and were rightly refused. It is manifest defendants, who were only two out of numerous purchasers of shares, could not of themselves return the animal, and the evidence is conclusive they offered to turn back their share or interest in him to plaintiffs. It is equally conclusive the shareholders met as a body and offered to return him.

The judgment is affirmed. All concur.