# Augusto *v.* Romano, Appellant.

*Sale—Contract—Warranty—Fraud—Affidavit of defense.*

1. In an action on a promissory note where it appears that the note was given to secure part of the purchase money of the business, an affidavit of defense is sufficient which sets forth an express warranty made by the plaintiff as to the value of the business, that such warranty was false and fraudulently made, setting forth facts to sustain the charge of fraud, that there never was any such business as warranted, and that the difference between the value of the business warranted and such as it really was, was equal to or greater than the amount of the note.

2. In such a case a partial payment made some months after the purchase of the business, is not made so late as to deprive the defendant of the right to set up the fraud and the breach of warranty as a defense in an action on the note. The defendant was not obliged to at once hire experts and go to work on the books of the plaintiff to verify their accuracy. He might properly rely upon his warranty and devote his energy to preserving or increasing the business he thought he had bought.

Argued Oct. 22, 1909. Appeal, No. 218, Oct. T., 1909, by defendant, from order of C. P. No. 4, March T., 1909, No. 2,100, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Augusto v. Cesare Romano. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Assumpsit on a promissory note.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*J. Lawrence Wetherill,* with him *Joseph Hill Brinton,* for appellant.

*Benjamin Alexander,* for appellee.

OPINION BY HEAD, J., March 3, 1910:

Assuming, as we must, that what is plainly averred in the

affidavit of defense is true, it would appear that the plaintiff undertook to perpetrate a fraud of the most unblushing character. A fraud, too, so deliberately planned that the books used in his business had been systematically falsified for a period of months before the sale, in order to exhibit a business that would meet the demands of the warranty given by the plaintiff. As long as he wears the livery in which the affidavit clothes him, the plaintiff cannot with much force demand that a court should be astute to assist him in gathering the remaining fruits of the fraud.

The situation disclosed by the affidavit in this case is almost identical with that in Goodwin v. Schott, 159 Pa. 552, in which the Supreme Court said: "The affidavit of defense is quite sufficient to entitle the defendant to a trial by jury."

In this case the defendant clearly sets forth an express warranty as to the extent and value of the business theretofore conducted by the plaintiff, on the strength of which the purchase was made; that in point of fact there never was or had been any business such as was warranted; that the plaintiff well knew this, but deliberately undertook to deceive the defendant and make him believe that he was buying something far different from that which he actually got. He clearly sets up the inferior value of the thing he got as compared with the warranty, and avers that such difference in value would be equal to or greater than the amount of the note sued on which was given to secure part of the purchase money. Such an affidavit, in our judgment, discloses a good defense and entitles the defendant to his trial by jury.

The argument of the learned counsel for the appellee that the defendant should have rescinded the sale and returned the goods before bringing his action, and that he delayed too long in bringing suit, is fully answered in Miller Lock Company v. Diehl Manufacturing Company, 37 Pa. Superior Ct. 585. The several affidavits filed are somewhat confusing on the question when the payment of $100 was actually made. Even if it were made some months after the purchase of the store, we do not think the court could say as a matter of law that the defendant had thereby lost his right to make a defense otherwise

meritorious. The situation was a peculiar one. The defendant was not obliged to at once hire experts and go to work on the books of the plaintiff to verify their accuracy. He might properly rely upon his warranty and devote his energies to preserving or increasing the business he thought he had bought.

The judgment is reversed, the rule is discharged, and a procedendo awarded. The costs of this appeal to be paid by the appellee.