## Wasserman, Appellant, v. Fleisher.

*Practice, C. P.—Pleading—Parties—Misjoinder of plaintiffs— Nonsuit.*

Where in an action brought by a member of a firm for the use of himself and his partner for the alleged breach of a warranty that certain real estate sold by defendant to plaintiffs would have a certain net income value, and a certain sale value within two years after the purchase, it appeared that the alleged warranty was made with the legal plaintiff, not with the other member of the firm and that the contract of sale had been fully executed, and where there was no averment, or proof of fraud, or deceit in the sale, the trial judge made no error in entering a compulsory nonsuit.

Argued Feb. 3, 1915. Appeal, No. 115, Jan. T., 1914, by plaintiffs, from judgment of C. P. Philadelphia Co., No. 5, Dec. T., 1912, No. 4168, of nonsuit in case of Albert S. Wasserman, to the use of Philip Arnold and Albert S. Wasserman v. Alfred W. Fleisher. Before BROWN, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit for breach of warranty.   Before MARTIN, J.

From the record it appeared that the defendant, a member of a firm of real estate brokers, had procured the sale of certain real estate to the plaintiff, Albert S. Wasserman, and his partner, Philip Arnold, at a price of $10,976.28, and that in the course of the negotiations the defendant represented to the plaintiff that the property when altered would have an annual net income value of $1,045 and a sale value of $50,000 within two years' time, which representation was also made to the other use-plaintiff, in order to procure his cooperation; that subsequently and before the consummation of the sale, the defendant wrote to the plaintiff as follows: "I shall take pleasure in calling upon you on Monday morning, relative to this property, and beg to assure you again that the property in our estimation is the cheapest purchase that we have made since we are in the business, and I hold myself personally responsible to you for the fulfillment of all the claims I have made for this property."   Subsequently a contract of sale was executed by the defendant's firm with Wasserman and Arnold and thereafter a conveyance was made to the latter as cotenants, but although put in the hands of the defendant's firm immediately it produced no income and no sale could be made within two years.

The court entered a compulsory nonsuit, which it subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Frank P. Prichard,* with him *John G. Johnson,* for appellant.

*W. Horace Hepburn,* with him *Stern & Wolf,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 29, 1915:
The learned trial judge tersely and correctly disposed

of this case in concluding the statement of his reasons for granting the nonsuit when he said: "Wasserman may be entitled to recover his individual loss for breach of this warranty by Fleisher in an issue properly framed, but there was no warranty to Arnold of which he could take advantage in this suit. The pleadings do not warrant a verdict for plaintiff under the evidence presented for the damages claimed."

The suit was brought by Wasserman to the use of himself and Arnold. The statement alleges that in negotiating for and making the purchase of the property, Wasserman was acting for himself and Arnold, sets out the written representations relative to the property, and the alleged warranty contained in the subsequent letter. It is averred that the cash investment of the plaintiffs in the property is $10,976.28, that the defendant has wholly failed to make good his undertaking with regard to the premises sold, and further: "Plaintiffs are willing to convey said premises to defendant or his nominee upon reimbursement of the cash invested by them in said premises, namely, the sum of $10,976.28, with interest as aforesaid; but the defendant has failed and refused and still refuses to pay said sum or any part thereof. Plaintiffs therefore claim of the defendant the said sum of $10,976.28 together with interest thereon as aforesaid."

The statement, as will be observed, avers that the defendant has "failed to make good his undertaking with regard to said premises," and has refused to rescind the contract and repay to plaintiffs their cash investment in the property with interest. The evidence did not warrant a recovery either on the theory that the suit was on the warranty or on the theory of the right to rescind the contract and recover the purchase-money paid. There is no averment or proof of fraud or deceit in the sale which had been fully executed, and, therefore, the plaintiff could not rescind the contract for breach thereof and recover back the purchase-money. If, however, such

action would lie, it must be brought in the names of both purchasers and not in the name of one of them. If the action is based on the warranty the plaintiff individually and not he and Arnold would be entitled to the damages caused by the breach, and the measure of damages would be the difference between the real value or market price of the property and its value as warranted:. Seigworth v. Leffel, 76 Pa. 476; Freyman v. Knecht, 78 Pa. 141. The case was entirely wanting in proof on the subject.

There was no evidence under the pleadings to support a verdict for the plaintiff, and the nonsuit was properly granted.

Judgment affirmed.