## Gibson *v.* Earling, Appellant.

*Landlord and tenant—Eviction—Defense to payment of rent.*

1. In an action by a landlord against a tenant to recover for rent, the tenant cannot set up as a defense an alleged eviction by the act of the landlord in depriving him of a particular use of an elevator, where it appears that the tenant after the alleged eviction had permitted his lease to be renewed and paid the monthly rental for over a year down to the time he himself left the premises.

2. In an action by a landlord against a tenant for rent under a lease from year to year, the tenant set up as a defense an alleged eviction, and offered in evidence a letter from the landlord complaining of the installation by the tenant of some heavy machinery. In answer to this letter the tenant, shortly after the beginning of a new annual term, wrote to the landlord that he would do all in his power to vacate the premises by the end of the current month. To this the landlord promptly replied that he would continue to hold him responsible for the rent, but warned him that if he continued to operate the heavy machinery he would report him to the building inspectors. *Held,* that the letters of the landlord could not in any sense be construed as an eviction.

Argued Oct. 13, 1911. Appeal, No. 179, Oct. T., 1911, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1909, No. 1,956, on verdict for plaintiff in case of Murray Gibson, Trustee under the will of John Gibson, deceased, v. Howard M. Earling. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Appeal from judgment of magistrate. Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for the plaintiff.

Verdict and judgment for plaintiff for $27.25. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Joseph C. Heulings*, for appellant.—Any act of the landlord which deprives the tenant of that beneficial enjoyment of the premises to which he is entitled under the lease will amount in law to an eviction: McSorley v. Allen, 36 Pa. Superior Ct. 271; Gallagher v. Burke, 13 Pa. Superior Ct. 244; Oakford v. Nixon, 177 Pa. 76; McCall v. Ins. Co., 201 Mass. 223 (87 N. E. Repr. 582); Wallace v. Lent, 1 Daly (N. Y.), 481; Doran v. Chase, 2 W. N. C. 609.

*Henry M. DuBois*, for appellee, cited: Potter v. Moscony, 46 Pa. Superior Ct. 116; Megargee v. Longaker, 10 Pa. Superior Ct. 491; Ward's Estate, 22 Pa. C. C. Rep. 284.

OPINION BY HEAD, J., March 1, 1912:

We may agree with the learned counsel for the appellant that if a landlord evicts his tenant from the demised premises, his right to recover rent during the period of such eviction is suspended, and further that the law as to what constitutes an eviction has been correctly stated by our Brother MORRISON in McSorley v. Allen, 36 Superior Ct. 271, in the following language: "Physical expulsion is not now considered necessary to constitute an eviction. Any act of a landlord which deprives his tenant of that beneficial enjoyment of the premises to which he is entitled under a lease, will amount in law to an eviction and suspend the rent: Hoeveler v. Fleming & Co., 91 Pa. 322; Oakford v. Nixon et al., 177 Pa. 76; Gallagher v. Burke, 13 Pa. Superior Ct. 244." And where a tenant in answer to a claim for rent sets up such an eviction and supports it by testimony legally sufficient within the above-stated rule, the question becomes one of fact for a jury under proper instructions from the trial court.

But conceding these well-established principles, the question still remains whether under the undisputed facts of the present case the defendant was in a position to successfully assert such an eviction by his landlord as would deprive the latter of the right to recover the rent reserved under his lease.

The lease was in writing. The term began on Septem-

ber 1, 1907. It continued for one year from that date. The rent reserved was $25.00 per month, payable monthly in advance. The lease contained a provision that unless one of the parties gave notice to the other, sixty days before the expiration of the term named, of his intention to sever the relation created by the lease at the end of the term, the lease should be continued on the same conditions for another year and so on from year to year until terminated in the manner aforesaid. No such notice was given before the expiration of the term named in the lease. As a consequence it continued in force for the year beginning September 1, 1908, just as effectually as if it had been rewritten and duly signed and sealed by the parties. The same would be true of the year beginning September 1, 1909. The defendant tenant continued to occupy the demised premises until the end of October, 1909, and then removed. This action was begun before a magistrate by the landlord to recover the rent due under the terms of the lease on November 1, 1909, to wit, the sum of $25.00. Judgment having been there obtained, the defendant appealed to the common pleas. On the trial of the cause in that court the learned trial judge was unable to discover that the defendant offered any legal defense to the plaintiff's claim for rent, and consequently instructed the jury to return a verdict in favor of the landlord and afterwards entered judgment thereon. From that judgment this appeal is taken.

The defendant now sets up two acts on the part of the landlord, either or both of which he contends amounted in law to an eviction and thus warranted him in abandoning the premises during the term as fixed by the lease and discontinuing the payment of rent.

1. The lease gave notice to the landlord that his tenant intended to occupy the demised premises for the purpose of manufacturing paper-books. The tenant alleges that it was necessary for his reasonable enjoyment of the premises for the purpose stated in the lease that he should have the use of the elevator as it was at the time he took pos-

session.   He undertook to prove that in August, 1908, the landlord, in making some repairs to the building, installed a post near the entrance to the elevator which prevented his use of it for packages as large as those in which his material arrived and thus to some extent, not shown by the evidence, deprived him of the reasonable use of the premises.   This act of the landlord he sets up as such an eviction as would legally suspend the obligation to pay rent.   It seems to us the sufficient answer to this claim is that by his own act, after the alleged eviction, he permitted the lease to be renewed and recognized his own possession of the premises as tenant and his obligation to pay the rent reserved by the lease by the actual payment of such rent for each and every month from August, 1908, when the post was erected, down to the end of October, 1909, when he left the premises.   After having so conclusively thus asserted that he had not been evicted and that the lease with all of its obligations was in force during the period named, we cannot think it was competent for him, when sued for the rent falling due November 1, 1909, to attempt to use the circumstance named as evidence of an eviction as long before as August, 1908.   The assignments of error on this subject are therefore dismissed.

2. In August, 1909, the tenant installed some new machinery in the demised premises.   On the twenty-eighth of that month the landlord wrote to him as follows: "I understand the machine you recently put in your shop is causing serious vibration to the floor upon which it is erected and I now require that you shall cease to use that machine until you have so strengthened the floor or altered the position of the machine so that it will not weaken the building or cause any risk to those who occupy the building, &c."   Clearly there was nothing in this letter resembling, in form or substance, a notice from the landlord to vacate the demised premises or of any intention on his part to seek to terminate the lease.   In the letter he simply asserted certain facts.   If the defendant knew, as he claims to have known, that the weight of the new machinery,

distributed over the square feet of floor it occupied, was much less than the tested strength of the floor, he was not required to pay any attention whatever to the letter quoted. On September 4, however, he acknowledges the receipt of the letter and states: "Had not anticipated any trouble in this line, so of course it is rather unexpected. However, we will do all in our power to vacate by the last of this month, September, 1909. If, however, it takes a few days over, am sure we can adjust the difference." It is thus apparent that the tenant undertook to put a construction upon the letter received from the landlord far beyond anything justified by the language of that letter. The landlord promptly replied under date of September 8, that he would continue to hold the defendant responsible for the rent of the premises until the expiration of the lease and added, "I have no desire to embarrass you in the operation of your business, but I cannot permit you to operate machines that are too heavy for the floor and jeopardize the safety of the building and its occupants. If you persist in doing so, I will have to bring the matter to the attention of the Bureau of Building Inspectors." Here again the landlord declared in the most explicit terms that he had no intention of evicting the defendant or in any way depriving him of a reasonable and proper use of the demised premises. If he was mistaken in his belief that the machinery of the defendant was jeopardizing the safety of the building and its occupants, the tenant had no reason to fear a reference of that question to the proper city bureau.

Under these circumstances we are compelled to agree with the learned trial judge that the letters offered in evidence from which we have quoted could not, in any sense, be construed to be an eviction of the tenant from the demised premises or to suspend the obligation to pay rent as imposed by the lease which was the act of both of the parties. The remaining assignments of error are therefore dismissed.

Judgment affirmed.