# Walker, Appellant, v. Davis.

*Landlord and tenant—Notice to quit—Notice by agent—Authority of agent—Principal and agent—Eviction.*

In an action of replevin for goods distrained for rent, where the

tenant claims that she had left the premises on a notice to quit, and there is evidence that the landlord had told the tenant that she must move, it is reversible error for the court to refuse to permit the defendant to show that an agent of the plaintiff to collect rents had notified the defendant to quit, and that the agent had stated that he was authorized by the landlord to give the order.

Eviction is a tort and the liability of a principal for the tort of his agent may be established by circumstances indicating the assent of the lessor.

Argued May 3, 1917.   Appeal, No. 191, April T., 1917, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1916, No. 927, on verdict for defendant in case of Elizabeth Mary Walker v. Mary M. Davis.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Replevin   for   goods   distrained   for   rent.   Before BROWN, J.

The opinion of the Superior Court states the case.

*Errors assigned* were various rulings referred to in the opinion of the Superior Court.

*Richard Martin,* of *Beatty, Magee & Martin,* for appellant.—The English cases uniformly hold that notice to quit given by an agent is a valid notice and that such agent has authority to terminate a tenancy: Wilkinson v. Colley, 5 Burr. 2694; Doe v. Mizen, 2 Moody & Robinson 56; Weightman v. Harley, 20 W. N. C. 470; Amory v. Kannoffsky, 117 Mass. 351; Winter v. Iron City Stamping Co., 51 Pa. Superior Ct. 11; Short v. Del. & Hudson Co., 41 Pa. Superior Ct. 141.

Under the facts of this case, the question of the scope and extent of the agent's authority are a question for the jury: Murphy v. Losch, 148 Pa. 171.

*T. M. Marshall,* with him *T. M. Marshall, Sr.,* for appellee.—There is no implied power in a real estate agent authorizing said agent to terminate a written lease be-

tween landlord and. tenant, especially where the lease itself shows that the lessor has not given the agent general authority: Auer v. Penn, 99 Pa. 370; Jamestown, Etc., R. R. Co. v. Egbert, 152 Pa. 53; Reeves v. McComeskey, 168 Pa. 571; Rohbock v. McCargo, 6 Pa. Superior Ct. 134; Murphy v. Losch, 148 Pa. 171; Martin v. Kramer, 26 Pa. Dist. Rep. 294.

Plaintiff offered no evidence whatsoever that the agent was acting within the scope of his agency: Slease v. Naysmith, 14 Pa. Superior Ct. 134; Shields v. Hitchman, 251 Pa. 455; Heron v. Phipps, 246 Pa. 294.

OPINION BY WILLIAMS, J., July 13, 1917:

December 1, 1915, plaintiff rented a house, under a written lease, through the Kelly-Wood Real Estate Company, agents for the defendant, the owner. Plaintiff attempted to remove from the premises May 1, 1916. Defendant distrained upon plaintiff's goods for the May rent. Plaintiff brought an action of replevin, filed a bond, and retained possession of her goods.

Plaintiff testified that some time before April 26, 1916, defendant came to the house and told her she would have to move; that subsequently Mr. Sowash, the president of the Kelly-Wood company, told her she would have to move, as a city official had so directed. Offers, made by the plaintiff, to show that Sowash later ordered plaintiff to vacate, and said he was authorized by defendant to give the order, were refused by the court.

Defendant and Sowash denied ordering plaintiff to move. Sowash testified that he was only authorized to get a tenant and collect the rent.

The court in its charge made the case turn upon whether plaintiff had vacated the premises in pursuance of defendant's orders. The jury found for defendant and judgment was entered on the verdict. Plaintiff appealed.

The controlling question raised by the assignments of error is whether the testimony in relation to Sowash's order to vacate, and his statements asserting authority

to make such an order, should have been admitted in evidence.

We think it was both material and relevant. The act of the agent was an attempt to evict the tenant. An eviction suspends liability for rent: Gibson v. Earling, 48 Pa. Superior Ct. 566. While a stranger cannot make defendant liable for an eviction: Oakford v. Nixon, 177 Pa. 76, defendant may subsequently ratify the act and thus become liable. There was evidence that defendant had ordered plaintiff to remove. The offers excluded tended to prove that she continued of that mind, and would have corroborated plaintiff in her testimony as to defendant's action. Nothing appears to show that the Kelly-Wood company's authority was in writing, and presumably it was oral. The extent of the authority was, therefore, for the jury: Murphy v. Losch, 148 Pa. 171. An "eviction may be by the act of the landlord in person, or it may be by the act of a servant or agent for which he is answerable upon the general doctrine holding a principal liable for the misfeasance or torts of a servant or agent; and direct or positive evidence that the wrongful act was done under the authority or by the consent of the landlord is not necessary. Such evidence is not often obtainable and the fact like any other controverted fact is capable of proof by circumstances": 16 Ruling Case Law, p. 685. The circumstance that defendant ordered plaintiff to vacate was sufficient to make the subsequent conduct of her agent competent evidence of his special authority to order plaintiff to remove. Eviction is a tort, and the liability of a principal for the tort of his agent may be established by circumstances indicating the assent of the lessor.

The judgment is reversed and a venire facias de novo awarded.