# Murphy v. Losch, Appellant.

*Lease—Abandonment of premises—Surrender—Agent of lessor.*

When a tenant abandons leased premises, with notice to the agent of the lessor who had collected the rent for the premises, he will not be relieved from liability under the lease, unless it be shown that the agent had authority to accept a surrender.

*Extent of agent's power, when for jury.*

Where the agent has been appointed by parol, the scope of his authority is to be determined by the jury.

Argued Feb. 17, 1892. Appeal, No. 46, Jan. T., 1892, by defendant, Samuel A. Losch, from judgment of C. P. Schuyl-

kill Co., May T., 1889, No. 471, on verdict for plaintiff, John Murphy. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and HEYDRICK, JJ.

Assumpsit for rent.

At the trial before BECHTEL, J., the evidence was to the following effect:

In 1881 the premises in question belonged to plaintiff's wife. One Helms, who was acting as agent for the owner, rented the premises orally to defendant, who continued in possession until 1884, when he went west and remained for a year. During his absence defendant authorized Helms to sublet a portion of the premises and collect the rent. On his return defendant lived in the reserved portion, and himself collected the rent from the portion which was sublet. On April 1, 1886, defendant procured from plaintiff, as agent of his wife, a written lease for the premises for three years.

Defendant offered evidence to show that in September, 1887, he notified Helms that he had abandoned the premises, and paid him the rent up to April 1, 1888, and that Helms accepted the surrender. The authority of Helms to accept the surrender was denied.

Plaintiff's wife died August 18, 1888. The rent claimed accrued subsequent to her death.

The court admitted in evidence the letter written by defendant to Helms [1], and the power of attorney inclosed in it constituting Helms defendant's agent while defendant was in the west in 1885. [2]

The portions of the charge of the court to which exception was taken were as follows:

" That is one of the questions for you to determine in this case. Whether Helms was made an agent by virtue of that writing (the power of attorney), and continued as agent right on down through and into the year 1889, and up to April 1, 1889, or whether when Losch returned from New Mexico, and went into possession of the principal building of the property himself, he revoked the authority of Helms to represent him in relation to the renting of the buildings. [3]

" It certainly would seem that Helms could not have rented the building that Losch himself went into, for his occupancy

of that building would have prevented Helms from renting it after Losch returned and occupied it. Whether he further than that revoked his authority is for you to say under all the evidence before you. [4]

" Now if you find such to be the case, that is, that Losch informed the agent of the landlord in 1887 that he would surrender up his lease and term, and did surrender it up and went out of possession, and paid the rent to the following April 1, 1888, that the agent of the landlord, acting within the scope of his authority, accepted such surrender and thereafter rented the property, or parts of it, and collected the rents for the estate of Murphy, or as agent of the landlord, then the defendant would thereby be released, and you should find a verdict in favor of the defendant, Losch." [5]

Defendant submitted the following points :

" 1. That if the jury believe that James K. Helms was in charge of the property described in the lease in suit, as the agent of Mary A. Murphy (the owner of the property), and that the defendant removed from and vacated the premises, and delivered the key to the house occupied by him, and surrendered possession or control of the premises unto said Helms, as Murphy's agent, in December, 1887, and that said Helms accepted and retained the key, and afterwards re-rented the same, or any part thereof, to other persons, and collected the rent therefor from them, then, and in such event, the defendant is absolved from all liability for rent accruing after April 1, 1888, and the plaintiff cannot recover in this case, and the verdict of the jury must be for the defendant. *Answer.* Affirmed, if you find that Helms had authority to accept a surrender of the term under which the defendant held. [6]

" 2. If the jury should find against defendant on the first point, and if the defendant had really been guilty of a breach of contract in removing from the premises, and refusing to pay rent therefor, after April 1, 1888, such breach of contract occurred in the lifetime of said Mary A. Murphy, and the cause of action for the recovery of damages (if any) occasioned thereby accrued unto the said Mary A. Murphy, and such damages can only be recovered by said Mary Murphy or the legal representative of her estate, to wit : her executor, or administrator, and that said John Murphy, suing in his individual

capacity, has no cause of action against. this defendant, and therefore cannot recover in the present action, and the verdict of the jury must be for defendant.

" 3. The lease produced and relied upon by the plaintiff to sustain his action shows a contract between Mary A. Murphy and Samuel A. Losch, and such contract can be enforced and damages for the breach thereof recovered only by said Mary Murphy, or her legal representative. John Murphy is not a party to said contract, and cannot sue to enforce it, or recover damages for the breach of it, and therefore the verdict of the jury must be for the defendant.

" 4. That as the plaintiff, John Murphy, sues here as tenant by the curtesy for rent alleged to have accrued unto him, as the alleged landlord, from the defendant, as the alleged tenant, after the death of his wife (August 18, 1888), he must establish the relation of landlord and tenant between himself and the defendant on or after that date. But as the testimony shows that Losch removed from and vacated and surrendered the premises in December, 1887, and was not at the time of the death of the said Mary Murphy, or any time thereafter in the possession or occupancy of said premises, and was not at any time the tenant of said John Murphy, after his estate by the curtesy commenced, the plaintiff cannot recover, and the verdict of the jury must be for defendant.

" 5. That under all the evidence in the case the plaintiff cannot recover, and the verdict of the jury must be for the defendant.

*Answer.* These points present a question of law; for the purpose of your finding we will at this time negative these points." [7] [8]

Plaintiff submitted, among others, the following point:

" 2. If the jury believe Helms was not agent for Murphy further than to collect the rent, then no act of Helms would amount to a surrender, unless ratified by Murphy. *Answer.* We affirm that. We have substantially so stated to you." [9]

Verdict for plaintiff for $159.50 and judgment thereon. Defendant appealed.

*Errors assigned* were, (1 and 2) the admission of the letter and power of attorney of defendant to Helms; (3, 4 and 5) the portions of the charge above given, quoting them; (6, 7 and 8)

the answers to defendant's points, quoting the points and the answers; (9) answer to plaintiff's second point, quoting point and answer.

*A. W. Schalck*, for appellant.

*William Wilhelm*, for appellee.

PER CURIAM, March 28, 1892:

This was a case for a jury, and we find no fault with the manner of its submission.

Judgment affirmed.