## Twining v. Roberts.

*Affidavit of defense—Contract—Insufficient averments.*

In an action upon a contract in writing for the delivery of stone, an affidavit of defense is insufficient which avers that at the time the contract was made, the treasurer and manager of the plaintiff company " undertook to furnish the said stone and make full delivery thereof by July 1, 1899," when it appears that the contract called for the delivery of the stone without delay ; and there is no allegation that the treasurer and manager as such executed the written agreement, or that he had power to bind the company either in writing or by the alleged parol agreement.

*Affidavit of defense—Delay in delivery—Insufficient averments.*

In an action upon a written contract for the delivery of stone in which the time in which the stone was to be furnished, and the penalty for failure are in blank, an affidavit of defense is insufficient which alleges that by reason of the delay in delivering the stone, the defendant was not able to comply with his contract with a third party and was subjected to damages to such party, where there is no averment that the provisions of such contract were ever communicated to the plaintiff, nor that the third party had enforced or attempted to enforce, or had even demanded any damages.

Argued Nov. 21, 1900.   Appeal, No. 134, Oct. T., 1900, by defendant, from order of C. P. Delaware Co., Dec. T., 1899, No. 240, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Letitia W. Twining et al., trading as S. B. Twining and Company, Limited, v. E. H. Roberts.   Before RICE, P. J., BEAVER, ORLADY, W. W. POR-TER and W. D. PORTER, JJ.   Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The contract upon which suit was brought was as follows :

" This instrument of June, 1899, of which E. H. Roberts, of the city of Chester, Pa., herein designed for convenience as the party of the first part, and S. B. Twining & Co., Limited, of Stockton, N. J., herein designed for convenience as the party of the second part.

" Witnesseth, that for and in consideration of the price and payment to be made by the party of the first part, hereinafter mentioned, the party of the second part agrees to furnish without delay all stone necessary to complete the bridge abutments

and wing walls of Ninth street bridge, Chester, Pa., in conformity with the plans and specifications.   All stone to be subject to the inspection of the City Engineer.

" The party of the second part agrees to furnish said stone on or before       day of           , 1899, under penalty of       dollars per day for each and every day stone remains undelivered after the above mentioned time, unless otherwise agreed. The party of the first part agrees to unload all boats within ten (10) working hours after their arrival.   At the expiration of the ten (10) hours he agrees to pay demurrage at the rate of five dollars ($5.00) per day for use of boat.   The party of the first part agrees to pay for the stone on the 15th of every month for stone set during the preceding month as the work progresses.   For the face stone the sum of seven dollars and forty cents ($7.40) per cubic yard, for coping ten dollars and forty cents per cubic yard, and for backing two dollars and twenty-five cents ($2.25) per cubic yard.   One third of the wall where face stone and backing are used together is to be paid for as facing, and the remaining two thirds to be paid for as backing; where backing is used only, then it is to be measured and paid for as backing.

" In witness whereof, we have hereunto affixed our hands this 23d day of June, A. D. 1899.

                     (Signed)       " E. H. ROBERTS.
                                     " S. B. TWINING & CO."


Defendant's supplemental affidavit of defense was as follows :

Edward H. Roberts, the above named defendant, being duly sworn according to law, says by way of supplement to his affidavit of defense heretofore filed in the above stated case, that under the said contract, a copy of which is set forth in the statement of plaintiffs' claim, filed, the said plaintiff was required to furnish the stone without delay.   In addition to the said requirement of the said contract, the treasurer and manager of the plaintiffs' company, Charles T. Eastburn, at the time of the making of the said contract, undertook for and on behalf of the said plaintiff to furnish the said stone and make full delivery thereof by July 1, 1899.   The plaintiff company did not furnish the said stone without delay, and did not complete the delivery thereof by July 1, 1899, but on July 1, 1899, a large

part of the stone, to wit: one fourth, remained undelivered. The said stone remaining undelivered on July 1, 1899, was further delayed by the plaintiff in the delivery thereof until December 1, 1899. By reason of the said delay and the said breach of contract on the part of the said plaintiff, the said defendant has been subjected to great damage and expense, and particularly has incurred a liability to the King Bridge Company of $750 under the following circumstances: The said defendant, relying upon the said undertaking of the said plaintiff, as to the time of the delivery of the said stone, entered into a contract with the King Bridge Company to construct the abutments of the said bridge, and undertook to have the same completed on the first day of July, 1899. By reason of the said failure on the part of the said plaintiff to perform its said contract as aforesaid, the said defendant was unable to perform his said contract with the King Bridge Company, and complete said abutments at the time specified, whereby the defendant was subjected to damages to the said King Bridge Company, to the amount of the said sum of $750, being at the rate of thirty days at $25.00 per day.

The court entered judgment for want of a sufficient affidavit of defense in an opinion by JOHNSON, P. J.

*Error assigned* was the order of the court.

*W. B. Broomall*, for appellant.—Where the special circumstances are known, or have been communicated to the person who breaks the contract, and where the damage complained of flows naturally from the breach of contract under those special circumstances, then such special damage must be supposed to have been contemplated by the parties to the contract, and is recoverable: Wood's Mayne on Damages, *11; Elbinger v. Armstrong, Wood's Mayne on Damages, *29; McHose v. Fulmer, 73 Pa. 365; Culin v. Woodbury Glass Works, 108 Pa. 220.

*Albert J. Williams*, for appellee.—It is presumed that the parties put their whole contract in writing, and parol evidence is not admissible to vary or contradict it except it was omitted by fraud, accident or mistake, or unless the promises or stipulations, proposed to be established by parol, were made at the time of the execution, and it was upon the faith and because of them

the written agreement was entered into: Yeager v. Yeager, 20 W. N. C. 384; Martin v. Berens, 67 Pa. 459; Jessop v. Ivory, 158 Pa. 71.

The damages claimed are the immediate consequence of the contract between the defendant and the King Bridge Company: Hadley v. Baxendale, 9 Ex. Ch. Rep. 341.

The loss suffered on a subcontract (either through the necessity of paying damages on it or through the loss of the benefit of it) in the absence of special notice is not a normal result of a breach of contract and will not be compensated: 1 Sedgwick on Damages (8th ed.), sec. 156; Portman v. Middleton, 4 C. B. (N. S.) 322; Devlin v. Mayor of N. Y. City, 63 N. Y. 8; Mihills Mfg. Co. v. Day Brothers, 50 Iowa, 250; Parks v. O'Connor, 70 Texas, 377; Wetmore v. Pattison, 45 Mich. 439; Fleming v. Beck, 48 Pa. 309; Pittsburg Coal Co. v. Foster, 59 Pa. 365; Billmeyer v. Wagner, 91 Pa. 92.

OPINION BY BEAVER, J., January 22, 1901:

The court below entered judgment for the plaintiff for a portion of the claim upon which the suit was founded, as contained in the statement, holding the affidavit of defense good as to certain specific averments relating to sundry amounts which the defendant alleged should be credited upon the claim, and further holding the affidavit of defense not good as to one item of $750 for which the defendant alleged a liability on his part to a third person. The written agreement, which is included in the statement upon which the plaintiff's demand is founded, is set forth in full, leaving the date on or before which the stone, which was the subject of the contract, was to be delivered, blank. The affidavit of defense avers that at the time the said contract was made Charles T. Eastburn, treasurer and manager of the plaintiff's company, " undertook for and on behalf of the said plaintiff to furnish the said stone and make full delivery thereof by July 1, 1899." There is no allegation that Eastburn, as an officer of the company, executed the written agreement, nor is it averred that he had power to bind the company either in writing or by the alleged parol agreement.

There is no averment that the provisions of the alleged contract with the King Bridge Company, under and in pursuance of which the defendant was required to complete the abutments

of the bridge by the 1st of July, for which the stone furnished by the plaintiff was to be used, were ever communicated to the plaintiff, nor is there any allegation that the King Bridge Company has enforced or attempted to enforce the penalty provided for in their agreement with defendant for the violation of the contract. The allegations of liability to pay and of being subjected to damages to the King Bridge company were vague and indefinite. It is not even alleged that the King Bridge Company demands the payment of the said alleged forfeiture. If the case were on trial, defendant would not be allowed to offer either of the alleged defenses in evidence, if his offers contained no more than what appears in the affidavit of defense. We see no error in the disposition of the case made by the court below and the judgment is, therefore, affirmed.