# Gardiner *v.* D. P. S. Nichols Company, Incorporated, Appellant.

*Principal and agent—Auctioneer—Warranty.*

1. Where the owner of a horse places the animal in an auctioneer's hands for sale with a warranty that the horse is sound and kind in all harness, and the auctioneer sells the horse with such warranty, but subsequently the purchaser returns the horse on the ground that it is vicious and unmanageable and the auctioneer accepts back the horse and returns the purchase money without his principal's consent, he will be liable to his principal for the amount thus paid.

2. In such a case the auctioneer had no authority to agree for his principal with the purchaser that there had been in fact a breach of the warranty, nor to liquidate and pay for his principal the damages that would result in case there had been such breach. When the purchaser alleging a breach of the warranty offered to return the horse, he should have been referred to the principal.

3. Even if the principal was guilty of deceit in authorizing the auctioneer to give the warranty, the auctioneer would not be author-

ized to accept a rescission, inasmuch as a mere breach of warranty does not give the purchaser the right to rescind.

Argued Oct. 12, 1911.    Appeal, No. 165, Oct. T., 1911, by defendant, from order of C. P. No. 3, Phila. Co., March Term, 1911, No. 4,177, making absolute rule for judgment for want of a sufficient affidavit of defense in case of William Gardiner v. D. P. S. Nichols Company, Incorporated.    Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.    Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Henry A. Hoefler*, for appellant.—Agents are always personally liable to injured third parties for fraudulent or malicious acts done in their principal's service or for willful deceit: Repsher v. Wattson, 17 Pa. 365; New York & Washington Printing Tel. Co. v. Dryburg, 35 Pa. 298.

*C. W. Van Artsdalen*, for appellee.—An agent authorized only to sell and collect cannot after delivery, accept back the goods and return the money paid without the principal's consent: Murphy v. Losch, 148 Pa. 171; Ludwig v. Gorsuch, 154 Pa. 413; Kurzawski v. Schneider, 179 Pa. 500; Mange-Wiener Co. v. Patton Worsham Drug Co., 27 Pa. Superior Ct. 315; Baker v. Amand, 25 Lanc. Law Rev. 166; Benevolent Order of Active Workers v. Smith, 1 Pa. Superior Ct. 1.

A mere breach of warranty does not give the purchaser the right to rescind: Freyman v. Knecht, 78 Pa. 141; Eshleman v. Lightner, 169 Pa. 46.

OPINION BY HEAD, J., March 1, 1912:

The defendant, an incorporated company, was engaged,

as its affidavit states, in the auction business. The plaintiff sent to it a horse which he owned with direction to sell it at public auction on a certain date. The compensation in full of the defendant for any expense incurred by it and its services as well was to be ten per cent of the selling price. The horse was sold for the sum of $195.50, which was paid by the purchaser of the horse and received by the defendant. After deducting therefrom the amount of its commission agreed on, viz., $19.50, there remained in its hands a balance of $175.50, to recover which the plaintiff, the owner of the horse, brings this suit.

The defendant filed an affidavit of defense admitting all of the facts already stated but asserting that it had no money in its hands belonging to the plaintiff by reason of the following additional facts averred: The plaintiff authorized and directed the defendant in offering the horse for sale to warrant him to be "a gentleman's road horse, sound and kind in all harness," and the defendant did so warrant. After the sale had been made, the horse delivered to the purchaser, and the purchase money paid to the defendant, the latter alleges that the purchaser took him away to try him; that upon such trial he turned out to be vicious and unmanageable, breaking the wagon in which he was hitched and hurting the driver thereof; that the horse was thereupon returned by the purchaser to the defendant and that the latter received it and returned the entire purchase money to the purchaser. The affidavit further avers that when the plaintiff delivered his horse for sale he was well aware of the fact that it was vicious and unmanageable. The learned court below, being of the opinion that these facts set up in the affidavit of defense exhibited no sufficient answer to the plaintiff's claim, made absolute a rule for judgment. The defendant appeals.

It must be apparent that the relation between the plaintiff and defendant, created when the horse was delivered to the former to be by it sold, was that of principal and

agent.  The plaintiff, the principal, was the sole and un-questioned owner of the property to be sold.  The agency of the defendant was not a general one.  It was given authority to sell the horse and thus transfer its title to another and to receive from the latter the purchase price, which outside of the portion representing the agent's commission, was the money of the plaintiff.  The duty of the agent, under such circumstances, to account to his principal is clear, and it is but to repeat a fundamental principle to say that under such circumstances it is not competent for him to deny the title of his principal to the money or property which he admittedly received solely by reason of his agency.

When the horse had been delivered to the purchaser and the purchase money paid to the agent for the owner, the sale was fully completed and the powers of the agent over the property he had sold were exhausted.  He had made and executed for his principal the only contract in relation to the horse he was authorized to make.  It is true that in executing the contract of sale the agent was authorized to warrant and did warrant the horse to be sound and kind.  The warranty so given became binding on the principal and would necessarily subject him to the liability that would follow an established breach of it.  But the agent had no authority to agree for his principal with the purchaser that there had been in fact a breach of the warranty, nor to liquidate and pay for his principal the damages that would result in case there had been such breach.  When the purchaser, alleging a breach of the warranty, offered to return the horse, he should have been referred to the principal.  The agent had no authority to represent his principal in such a transaction and commit him to any particular line of conduct merely because of a claim by the purchaser that there had been a breach of the warranty.

It is not contended by the agent that any other authority was expressly given to it except the direction to sell the horse, with the warranty mentioned, retain its

own commissions and turn over the purchase money. No such authority as was afterwards exercised could be implied from the fact that it was authorized to so sell the horse and receive the purchase money. In Mange-Wiener Co. v. Drug Co., 27 Pa. Superior Ct. 315, it appeared that the plaintiff, through one Herz, its selling agent, had sold a quantity of cigars to the defendant. In a suit to recover the price of the goods sold the defendant set up that the cigars were unmarketable and that the agent had agreed to take them off their hands and otherwise dispose of them. Meantime the goods were destroyed by fire. There was evidence tending to show the extent of the authority of Herz so that the question became one of fact to be determined by a jury under proper instructions. In disposing of that case this court, speaking by HENDERSON, J., said: "There was no evidence of express authority in Herz to rescind the contract. No implied authority to rescind and accept a return of the goods is to be inferred from the mere fact of his authority to sell: Mechem on Agency, sec. 360." In Ludwig & Son v. Gorsuch, 154 Pa. 413, it appeared that the plaintiff by its agent, Knouff, had sold certain goods to the defendant. In a suit for the price it was alleged that the defendant had sold its stock and business to one Imler and that the plaintiff's agent, being notified of the proposed sale, had agreed to release the defendant debtor and accept his purchaser Imler instead. His principal never authorized or ratified such an act. The learned trial court directed a verdict for the plaintiff, and in affirming the judgment entered thereon, Chief Justice STERRETT said: "The only defense that was attempted was a novation of the debt, by the substitution of a new debtor in place of defendant, with intent to release the latter. . . . There was no sufficient evidence to justify the jury in finding that such a novation of employers' account against defendant was within the scope of Knouff's agency. He was employed to solicit and send in orders for goods, and to collect outstanding accounts. That did not authorize him to release defend-

ant from liability for the price of the goods he had purchased, and accept Imler in his stead." So in Benevolent Order of Active Workers v. Smith, 1 Pa. Superior Ct. 1, it was held that an agent authorized to collect dues from members of a society was not warranted after their receipt in returning the money to those who had paid it because he feared that the society was about to become insolvent or would not otherwise be able to perform the services which its members had a right to expect in consideration of the dues. Murphy v. Losch, 148 Pa. 171, is another illustration of the same principle.

An examination of these cases leaves but little room to doubt that it was the plain duty of the defendant agent to turn over to his principal the money of the latter in his hands. If a dispute arose or was likely to arise between the purchaser and the owner, it was no part of the duty of the agent to attempt to determine the rights of either party or to bind his principal in a matter clearly outside of the scope of his authority.

Nor is the situation materially affected by the averment that the plaintiff was guilty of deceit in authorizing the warranty that was given. Even if we concede, under the authority of Freyman v. Knecht, 78 Pa. 141, that if the owner warranted the horse to be kind in all harness, knowing at the time he made the warranty the horse was in fact vicious and unmanageable, a purchaser would have the right to return the horse to the owner and rescind the contract, no such right was exercised in this case. For such a purpose the defendant in no way represented the owner, and the purchaser was in no different position than if he had left the horse at any public stable and given notice of that fact to the defendant.

But it is argued that under the circumstances of this case the defendant auctioneer was not obliged to subject himself to an action at the hands of the purchaser for a breach of the warranty it had made on the strength of the direction from the plaintiff. It is not by any means clear, under the facts of this case, that any such action could

have been maintained: Kurzawski v. Schneider, 179 Pa. 500. In that event the purchaser would have dealt with defendant as if it were selling its own horse. Of course the defendant was not guilty of any fraud or deceit in making such warranty as it did make, and as against it the purchaser's remedy would have been an action on the warranty, and the measure of damages would have been the difference in value of the horse as warranted and as it actually was at the time of the sale. The defendant, in such case, could have amply protected itself without committing its principal, the plaintiff, to any liability as to which he had never been heard nor had a day in court. As a result of the conduct of the agent the purchaser has been permitted to rescind an executed contract without being called on to produce any evidence to establish the facts which would justify him in doing so, and the plaintiff was deprived of his right to have the money which, as between him and defendant was undeniably his, and to contest before a jury the existence of any facts that would entitle the purchaser to its return.

We are of opinion, therefore, that the defendant has exhibited no sufficient answer to the plaintiff's demand for the purchase money of his horse and that the learned judge below was right in entering judgment for the plaintiff.

Judgment affirmed.

HENDERSON, J., dissents.