## Goodman *v.* Whiting Lumber Co., Appellant.

*Contract—Sale—Unreasonable delivery—Failure to pay on time —Rescission.*

Where a contract for the sale of lumber provides that shipment shall "begin ten days after receipt of order, and be completed in sixty days," and that payment shall be made in cash "after car arrives and is checked up," if the seller's failure to deliver is un-

reasonable and works prejudice to the purchaser, the latter may rescind the contract; and on the other hand, if the purchaser unreasonably refuses to pay for the lumber after a reasonable time to inspect and check it up, the seller may also rescind.

*Custom—Contract—Writing—Evidence.*

Where the parties to a contract have expressed it in writing, if there be silence as to a certain feature covered by a custom of trade satisfying every legal requirement, such custom, upon proper proof, may be read into the contract; but where the parties, by the use of plain language have clearly indicated the subject of agreement between themselves, evidence of a custom is not admissible.

Argued Oct. 22, 1915. Appeal, No. 114, Oct. T., 1915, by defendant, from judgment of C. P. No. 3, Philadelphia Co., March T., 1912, No. 1872, on verdict for plaintiff in case of Leon Goodman, Thomas Whitehead and S. G. Hammer, Trustees in Bankruptcy of the Estate of Virginia-Carolina Lumber Company v. Whiting Lumber Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for lumber sold and delivered. Before FERGUSON, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $1,021.27. Defendant appealed.

*Errors assigned* were various rulings and instructions.

*C. W. Vanartsdalen*, with him *W. H. Ramsay*, for appellant.

*James S. Williams*, with him *James E. Gallen*, for appellee.

OPINION BY HEAD, J., March 1, 1916:

This case belongs to that large class in which, owing to the great development of commerce, the parties were

strangers and their contractual obligations are to be discovered in a series of communications by letter, telegram or telephone.   What is called the documentary evidence covers one hundred and forty-four printed pages of the appendix to the paper books.   The judgment of this court is of importance to those immediately interested; but as no new principle of law is involved, indeed no application of established principles to an unusual state of facts, there is no sound reason for an elaborate opinion reviewing in detail every point of the controversy.

The original order of the defendant expressed very clearly its idea as to three important matters.   The price at which it undertook to buy the lumber designated was "$24.00 per M."   The times at which it was to pay were "cash less 2 per cent. after car arrives and is checked up."   The period in which it desired the delivery of the lumber was "shipment to begin ten days after receipt of order and to be completed in sixty days." There never was a flat unqualified acceptance of this offer or order.

The correspondence first took up the general price.   It was raised to $24.25 per M.   Next the time of delivery. The defendant was advised of labor troubles in the South and probable delays in delivery on that account. With these modifications of the original offer the parties undertook to perform their respective obligations. There was no effort by either party to change the terms of payment.   The delivery of the lumber by the plaintiff was too slow to meet the views of the defendant.   The payments for the lumber actually received and used by defendant were too tardy to satisfy the demands of the plaintiff.   As a result of the friction that thus arose the plaintiff finally, after due notice, cancelled the contract and deliveries stopped.   This action was begun to recover, according to the contract price, the money actually owing for lumber received and used by the defendant.

The learned trial judge carefully instructed the jury the covenants of the parties with relation to delivery and payment were mutual and dependent.   Although the plaintiff company had obligated itself to deliver a cer-

tain amount of lumber, the binding character of this obligation was dependent on the willingness of the defendant to pay for what actually was delivered according to the contract. If the plaintiff's failure to deliver was unreasonable and this worked to the prejudice of the defendant, the right of the latter to rescind the contract, and purchase in the open market what was required to fill it, was perfectly clear. On the other hand, if the defendant unreasonably refused to pay for cars of lumber actually delivered, after a reasonable time to inspect and check up, then the corresponding right of the plaintiff to rescind became equally clear. All of these questions, in so far as the element of time affected them, were carefully submitted to the jury by the learned trial judge in a charge that we regard as fair, impartial and adequate. The jury rendered a verdict for the plaintiff and all of these doubtful questions of fact were thus resolved in its favor.

The defendant complains of the refusal of the learned trial judge to admit certain offers of proof, tending to establish some custom of trade that would have the effect of expunging from the contract the expressed provision as to the time when payment was to be made, and to substitute therefor an entirely different method of payment. We are of the opinion the action of the court below was correct. Where the parties to a contract have expressed it in writing, if there be silence as to a certain feature covered by a custom of trade satisfying every legal requirement, such custom, upon proper proof, may be read into their contract. But where the parties, by the use of plain language, have clearly indicated the subject of agreement between themselves, we cannot say there was any reversible error in the refusal of the learned trial judge to admit the offers which are the subjects of several assignments.

The case was well tried, the verdict is supported by the evidence, and we can find no reversible error in the portions of the record covered by the several specifications.

Judgment affirmed.