# Villar *v.* Coupe, Appellant.

*Affidavit of defense—Practice, C. P.—Contract—Principal and agent.*

In an action for cigars sold and delivered at different times, an affidavit of defense is insufficient which avers that an agent of the plaintiff agreed that defendant should pay for the cigars as he sold them, and return what he could not sell, and that he had offered to return the cigars unsold, without averring the exact language of the agreement, or that the agent had authority to make it, or when the alleged privileges of returning the unsold goods had been given.

Submitted Dec. 16, 1915. Appeal, No. 295, Oct. T., 1915, by defendant, from order of C. P. No. 2, Philadelphia Co., June T., 1915, No. 3243, making absolute rule for judgment for want of a sufficient affidavit of defense in case of F. Villar & Company v. William H. Coupe. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for cigars sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The material portions of the affidavit of defense were as follows:

"Defendant avers that the said cigars specified in the said exhibit A of the plaintiff's statement, were delivered to him under the verbal agreement between him and

the agent of the plaintiff, known to the defendant as Mr. Villar, that the said cigars should be paid for by the defendant when the defendant sold them and that if the defendant was unable to sell the said cigars, said plaintiff agreed to take them back. The defendant has sold the following cigars delivered to him by the plaintiff.

. . . . . .

"The defendant avers that in accordance with the contract entered into between the plaintiff and himself, he has been and is now willing and ready to return the balance of the said cigars delivered to him but remaining unsold by him, and he has repeatedly asked the agent of the plaintiff, known to him as Mr. Villar, to take back the said cigars.

"Defendant denies that he ever agreed to pay for the cigars remaining unsold by him.

"Defendant denies that there is anything due and owing by him to the plaintiff, excepting the sum of $61.45."

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*John J. McDevitt, Jr.,* and *Samuel G. Stem,* for appellant.

*David S. Malis,* for appellee.

OPINION BY TREXLER, J., March 1, 1916:

The plaintiff brings suit to recover the price of certain cigars which he sold and delivered to the defendant. The receipt of the goods and the correctness of the charges are not disputed. The defendant alleges that the cigars were delivered to him "under the verbal agreement between him and the agent of the plaintiff, that the said cigars should be paid for by the defendant when the defendant sold them, and that if defendant was unable to sell the said cigars, said plaintiff agreed to take them

back. The defendant avers that in accordance with the contract entered into between the plaintiff and himself, he has been and is now willing and ready to return the balance of the said cigars delivered to him, but remaining unsold by him and he has repeatedly asked the agent of the plaintiff known to him as Mr. Villar to take back the cigars." The court below entered judgment for the plaintiff.

It will be observed that the defendant refers in general terms, to the agreement made with the agent of plaintiff; he does not attempt to give the words of the contract, but merely set forth the tenor of it. The defendant is not required to set forth his evidence in his affidavit, but he should sufficiently set forth his defense, so that the court can determine whether there is a valid defense: Superior Natl. Bank v. Stadelman, 153 Pa. 634. The affidavit must be a specific statement of facts; Moore v. Fire Ins. Co., 196 Pa. 30. Although the goods sued for were furnished at various times, there is no allegation as to the time when the alleged privilege of returning the unsold goods was given. Did it apply to the first or some subsequent order or to all? Was the agent authorized to make such contract? There is no allegation that he had such authority: Twining v. Roberts, 16 Pa. Superior Ct. 4; Gould & Co. v. Gage, Hitchcock & Co., 118 Pa. 559. No inference of such authority can be drawn from the right to sell the goods: Mange, Wiener Co. v. Drug Co., 27 Pa. Superior Ct. 315; Gardiner v. Nichols, 48 Pa. Superior Ct. 510.

In one breath the affidavit alleges that the unsold goods could be returned, and with the next, that the inability of the defendant to sell should be the criterion. It does not necessarily follow that the fact that the goods were unsold shows that the defendant was unable to sell them. They might remain unsold because he may have made no effort to sell them.

We think the affidavit is evasive and does not present a good defense in law.

The judgment is affirmed.