## Kline Chair Co. v. Guaglianome, Appellant.

*Practice, C. P.—Affidavit of defense—Bailment.*

In an action to recover rental for goods leased, an affidavit of defense is insufficient in which the defendant avers that he had paid a portion of the rental, and says that since the plaintiff had not insisted on the performance of the conditions of the lease, and since the goods were never satisfactory, and the plaintiff had promised to repair, he is only liable for a reasonable amount for rental, and that the amount already paid was more than enough to cover anything due the plaintiff.

Argued Nov. 21, 1916. Appeal, No. 177, Oct. T., 1916, by defendant, from order of C. P. Bucks Co., April T., 1915, No. 16, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Kline Chair Company, to use of Franz Hill, v. Peatro Guaglianome. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for rental.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*John L. Dubois,* for appellant.

*Harry J. Shoemaker,* of *Shoemaker & Satterthwaite,* for appellee.

OPINION BY WILLIAMS, J., December 18, 1916:

This is an appeal from the judgment of the court below, entered for want of a sufficient affidavit of defense.

The amended statement of claim averred the leasing of certain personal property to the defendant, and plaintiff's claim was for $196, balance of rent due in accordance with the terms of the lease.

The defendant, in his affidavit, admits the execution of the lease; the receipt of the goods under it; that he had paid a portion of the rental, and says that since the plaintiff had not insisted upon the performance of the conditions of the lease and since the goods were never satisfactory and the plaintiff had promised to repair, he is only liable for a reasonable amount for rental and that the amount already paid was more than enough to cover anything due the plaintiff.

The court below held the affidavit insufficient because the alleged defense was ambiguously stated, not responsive to the statement and was but inferentially a defense to the claim made.

An affidavit of defense should state clearly and specifically the facts relied upon to defeat the plaintiff's claim and nothing should be left to inference: Class v. Kingsley, 142 Pa. 636; Andrews v. Blue Ridge Packing Co., 206 Pa. 370; Ryon v. Starr, 214 Pa. 310. The aver-

ment "that the goods leased were never satisfactory," and that the plaintiff promised to repair, etc., is not sufficient without averring that the contract provided that the goods should be satisfactory to the defendant. It is not sufficient because it does not aver in what particular the goods were unsatisfactory, nor does it aver what the plaintiff promised to do in connection therewith.

The judgment is affirmed.