## Grocery World Publication Co. v. Clayberger, Appellant.

*Contract—Parol agreement to vary written instrument—Contract for advertising—Custom—Damages—Evidence.*

In an action to recover money alleged to be due on a contract in writing for the publication of an advertisement in a trade journal, where it appears that the writing provided that "the complete contract must be in writing as the publishers are not responsible for verbal agreements," the defendant cannot show a breach of an alleged verbal agreement made by an agent of the plaintiff before the written agreement, without the knowledge and approval of the plaintiff.

Where a contract for advertising in a trade journal specifies a definite amount of advertising for a fixed number of insertions, at a price stipulated, the advertiser cannot change his obligation by proof of a custom.

Where an advertiser in a trade journal has agreed to pay for a certain number of insertions, but before the completion of the contract, has directed that his advertisement should be discontinued, he cannot claim in an action against him for breach of contract that the publisher should have made efforts to sell to other parties the advertising space which had not been filled, if it appears that, when he stopped the advertisement, he wrote to the publisher

as follows: "If I have the right to stop the use of my advertisement, that right exists irrespective of what you do, and if under the law I have no right to order you to stop, I agree that your rights against me shall be the same as if you every week inserted the advertisement, provided you at once cease publishing the advertisement. By this agreement I waive the performance on your part."

Argued Oct. 3, 1917. Appeal, No. 239, Oct. T., 1917, by defendant, from judgment of C. P. No. 4, Philadelphia Co., June T., 1916, No. 1876, on verdict for plaintiff in case of Grocery World Publication Co. v. Ralph B. Clayberger, trading as C. Wilkinson's Sons. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover an amount alleged to be due for inserting an advertisement in a trade journal known as the "Modern Merchant and Grocery World." Before FINLETTER, J.

At the trial it appeared that the contract between the parties was as follows:

Philadelphia, Jany. 21st, 1916.
Modern Merchant
           and
    Grocery World.
Established 1883.
    Philadelphia.

'Insert our advertisement in the "Modern Merchant and Grocery World," to occupy the space of ¼ page for 52 issues from date, for which we agree to pay the sum of Eleven Dollars per issue, payable monthly.

Name. C. Wilkinson's Sons.

After several insertions the defendant notified the plaintiff to cancel the advertisement, alleging that certain representations which had been made to him by plaintiff's agent were false. Other facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $46.64. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Winfield W. Crawford,* for appellant, cited as to the parol agreement Potter v. Grimm, 248 Pa. 440; Croyle v. Cambria Land & Imp. Co., 233 Pa. 310; Com. v. Julius, 173 Pa. 322.

*Elton J. Buckley,* for appellee, cited: Mfrs. Record Pub. Co. v. Holton, 22 Pa. Superior Ct. 120.

OPINION BY TREXLER, J., March 2, 1918:

In this case the agreement which is the basis of plaintiff's claim provides, "The complete contract must be in writing as the publishers are not responsible for verbal agreements." The defendant thus had notice that the solicitor, who entered into the written agreement to insert his advertisement in the paper which the plaintiff corporation published, had no right to make any verbal engagements which would be binding on the plaintiff. There was no proof offered to show that the treasurer of the company when he approved the order, had any notice of any verbal agreement contrary to the provisions of the written contract. Therefore, the defendant cannot in defense show a breach of the verbal agreements made before the written agreement was entered into; see Frederick Piano Company v. Landau, 67 Pa. Superior Ct. 415, and the cases therein cited.

The defendant sought to introduce proof of the custom of the trade, showing that a contract of advertising can be withdrawn at any time, providing the advertiser pays short rates for the time the advertisement has run. The language of the contract is plain, and we need not resort to any custom of the trade to make it plainer. The defendant's engagement was to pay for a definite amount of advertising for a fixed number of insertions at the price stipulated. He cannot change his obligation by

proof of a custom: Goodman v. Whiting Lumber Co., 62 Pa. Superior Ct. 230.

The defendant asserts that even if he be liable, his only duty is to pay such damages as were actually occasioned by the breach, and that it was incumbent on the plaintiff to make proper efforts to sell to other parties the space defendant had contracted for, thus reducing the loss. We need not discuss this phase of the case. The defendant, in a letter bearing date April 18th, after a conference between the attorneys in the case, stipulated, after directing that the advertisement should be discontinued, "If I have the right to stop the use of my advertisement, that right exists irrespective of what you do, and if under the law I have no right to order you to stop, I agree that your rights against me shall be the same as if you every week inserted the advertisement, provided you at once cease publishing the advertisement. By this arrangement I waive the performance on your part." The defendant cannot now complain if the plaintiff adopt the standard which he himself set up.

All the assignments of error are overruled, and the judgment is affirmed.