## P. F. Collier & Son v. Youngerman.

*Sale—Return of goods—Agent—Authority of—Variation of written contract by parol—Clause in contract forbidding variation—Affidavit of defence.*

1. In an action for the price of a set of books sold under a written contract, an affidavit of defence is insufficient which avers that the books were inferior to the sample, and that defendant notified plaintiff's local agent that he would not accept them, and was told to do nothing with the books until the special agent who had sold them called, but he never called, and the defendant returned the books, without averring the local agent's authority in the matter, or when the books were returned, or that the plaintiff accepted them, or that an alleged contemporaneous oral agreement with the special agent, by which defendant could reject the books without assigning any cause, had induced the contract, or was omitted by fraud, accident or mistake.

2. As the contract provided that "the publishers are not bound by any understanding not in this agreement," the alleged oral agreement with the agent could not be proved on the trial or prevent judgment.

3. The authority to sell books does not warrant the inference of further authority as to settlement with the vendee.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lancaster Co., March T., 1922, No. 58.

*J. Andrew Frantz*, for rule; *Owen P. Bricker*, contra.

LANDIS, P. J., July 8, 1922.—The plaintiff has brought suit to recover from the defendant the price of certain books, which it alleges is due under a written contract. The contract was made on Oct. 25, 1921, and is as follows:

P. F. COLLIER & SON, Distributing Corporation
416 West 13th Street, New York.

To be allowed privilege of exchange for Buckram Binding at any time.

Please deliver to me one set of Dr. Eliot's Five-Foot Shelf of Books — The Harvard Classics — in 50 Volumes, Southwark Binding, for which I agree to pay $110.00, by payment of $9.00 on delivery and $9.00 per month. Title will remain with P. F. Collier & Son, Distributing Corporation, until fully paid. The publishers are not bound by any understanding not embodied in this agreement. Make all checks payable to P. F. Collier & Son, Distributing Corporation.

Signature         MORRIS YOUNGERMAN
Address          512 North Duke Street, Lancaster, Pa.
Occupation       Rabbi      Business Address    Same
G. L. CRANTON, Representative.

It is averred that the books were shipped to the defendant in pursuance of this contract, and that he, upon their delivery, accepted them and paid the $9 stipulated therein; but that, although he retained the books, he has not paid the balance due of $101.

The affidavit of defence admits that the defendant entered into the contract and received the books mentioned therein, but claims that he could accept or reject them, after examination, without assigning any cause, and that they did not conform to the sample submitted to him by the agent, but were inferior to the same. He further alleges that, immediately after the receipt of the books, he notified the local agent of the company personally that he did not wish to retain them, and asked what he should do with them, whereupon such agent told him he should do nothing until the special agent, who sold him the books, called to see him. The special agent never called, and he then returned the books to the plaintiff.

It is not asserted that the unnamed person, who is referred to as the local agent, had anything to do with the sale of these books, or had any authority to make a subsequent agreement concerning them. Nor is it averred that the plaintiff company ever received or accepted the books. These matters can, therefore, be properly eliminated from the present controversy.

All that remains, then, of the defence set up is the allegation that the defendant had the right to accept or reject the books, after examination, without assigning any cause, and that they did not conform to the sample submitted. When they were delivered or when they were returned does not appear in the affidavit of defence, and whether the defendant exercised due diligence can, therefore, not be ascertained. It is clear that the statement made by the local agent, who apparently had no authority in the matter, cannot avail him. If, then, he accepted the books and kept them for some time and made the first payment, he is liable, presumably, for the balance.

It is apparent that, while the parol agreement said to have been made by the agent contradicts the written order, it is not claimed that this alleged contemporaneous agreement was omitted from the writing by fraud, accident or mistake, nor is it asserted that it was the inducing cause whereby the defendant was persuaded to sign the agreement. I, therefore, am of the opinion that it could not be admitted as evidence on a trial, and, of course, it follows that it cannot prevent the entry of judgment.

In The Express Publishing Co. v. The Aldine Press, 126 Pa. 347, it appeared that a written order for work to be done contained a notice that it was subject to acceptance "on the face as written," and that no one was authorized to change, modify or in any way affect the writing by verbal agreement or otherwise. On the trial, an offer of parol evidence was made as to the declarations made by an agent when the order was signed. It was held to be inadmissible. And in Hallowell & Co. v. Lierz, 171 Pa. 577, where the written contract contained the words, "The publishers are not bound by any agreement other than that expressed on the face of this contract," and also, "No verbal agreement recognized," it was held that evidence as to the statement made by plaintiff's agent was inadmissible. Mr. Justice Green, delivering the opinion of the court, said: "To allow such a defence to prevail against such a contract, and in the circumstances stated by the defendant, would be simply to revolutionize the law as to the alteration of written instruments by parol, as it has been settled by all our modern cases."

In Grocery World Publication Co. v. Clayberger, 68 Pa. Superior Ct. 618, where it appeared that the writing provided that "the complete contract must be in writing, as the publishers are not responsible for verbal agreements," it was decided that the defendant could not show a breach of an alleged verbal agreement made by an agent of the plaintiff before the signing of the written agreement, without the knowledge or approval of the plaintiff; and in Frederick Piano Co. v. Landau, 67 Pa. Superior Ct. 415, that in such a case an affidavit of defence is insufficient which avers that certain officers and agents of the company made representations on which defendant relied, without naming the officers or agents or showing their authority. Trexler, J., delivering the opinion of the court, said: "The officers and agents who made the representations should be identified. It should appear that they were authorized to act." See, also, Villar v. Coupe, 62 Pa. Superior Ct. 422; Engle v. Garage, 4 Northumb. Repr. 221. No inference of such authority can be drawn from the right to sell the books: Mange-Wiener Co. v. Drug Co., 27 Pa. Superior Ct. 315; Gardiner v. Nichols, 48 Pa. Superior Ct. 510.

We are, therefore, of the opinion that the affidavit of defence is insufficient, and that the rule for judgment must be made absolute.

The rule for judgment for want of a sufficient affidavit of defence is now made absolute, and judgment is entered for the plaintiff for the sum of $101, with interest from Oct. 25, 1921, making $105.25. Rule made absolute.

From George Ross Eshleman, Lancaster, Pa.