## Kempe *v.* Nunn, Appellant.

*Pleadings—Affidavit of defense—Insufficiency.*

An affidavit of defense is insufficient which does not specifically deny any of the allegations of the plaintiff, but which is evasive and does not in any manner comply with the requirements of the law.

When an agreement, whether verbal or written, is alleged, the terms thereof should be set forth in detail, so that the court may pass upon the question as to whether, taking the defendant's statement as true, he has a valid defense.

Argued April 20, 1922.  Appeal, No. 89, April T., 1922, by defendant, from judgment of C. P. Lawrence Co., Sept. T., 1918, No. 57, making absolute rule for judgment for want of a sufficient affidavit of defense in the case of A. V. Kempe v. W. M. Nunn.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Assumpsit to recover money paid on a parol agreement for sale of land.  Before EMERY, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

The court made absolute the rule. Defendant appealed

*Error assigned* was the order of the court.

*Robert L. Wallace,* for appellant.

*J. Norman Martin,* and with him *B. A. Winternitz,* for appellee.

OPINION BY TREXLER, J., July 13, 1922:

The court below entered judgment for want of a suf-ficient affidavit of defense. The plaintiff's statement sets forth that the parties entered into negotiations for the purchase of a house and lot at the price of $4,250, $400 to be paid in event the contract for the purchase of the house and lot should be entered into $40 per month there-after. The house was to be in good repair. A hundred-dollar Liberty bond was given to the defendant, to be applied on the $400 if the contract should be entered into. The plaintiff found out that the house was in bad condition and notified the defendant that he would not enter into a written contract. The defendant refused, upon demand, to return the Liberty bond, hence this suit for its value.

The defendant admits that he entered into negotiations but only as an agent for one Ramsey, who owned the property. He does not set out that he had authority to sell, the extent of the agency or whether he was ap-pointed orally or by writing. This should have been done: Villar v. Coupe, 62 Pa. Superior Ct. 422. He further avers that all the terms and conditions of the sale were agreed upon but does not give them, he only states a conclusion. The affidavit of defense should state clearly and fully the facts relied upon to defend the plaintiff's claim and nothing should be left to inference: Kline Chair Co. v. Guaglianome, 65 Pa. Superior Ct. 319. The defendant further states his understanding as to

what the contract was. He should have stated what it actually was. The plaintiff, in his statement, alleges a state of facts and shows that the defendant had $100 in his possession, which he refused to give him on demand. The defendant admits the receipt thereof and should give the terms of the agreement which he claims allows him to retain it, so that the court could pass upon the question as to whether, taking the defendant's statement as true, he has a valid defense. The court should not be left in the dark as to what the terms and conditions of the agreement were. See Marsh v. Marshall, 53 Pa. 396; Com. v. Snyder, 1 Pa. Superior Ct. 286. We join in the conclusion arrived at by the court below that "The affidavit of defense does not specifically deny any of the material allegations of the plaintiff but is evasive and does not in any manner comply with the provisions of the law."

The judgment is affirmed.